**Frieda S. BISHOP, Plaintiff/Appellee,**

**v.**

**Bernie E. BISHOP, Defendant/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 25, 1996.

Permission to Appeal
Denied by Supreme Court
Feb. 3, 1997.

Terry B. Larkin, Dickson, for defendant/appellant.

W. Allen Barrett, Nashville, for plaintiff/appellee.

## OPINION

CANTRELL, Judge.

In this divorce case, the husband appeals the trial judge's award of $50,000 to the wife as a division of the marital property. The husband asserts that the award was based on an alleged increase in the value of his separate property but that the proof shows that the value of his separate property decreased during the marriage. Unfortunately, we are unable to reach this issue because the husband failed to file a transcript of the evidence. Therefore, we affirm the judgment below.

### I.

The trial judge found as a fact that:

"The separate property owned by the defendant prior to the parties' marriage has increased in value, as evidenced by the balance sheets introduced by the defendant into evidence, and the increase in value constitutes marital property subject to an equitable division by the Court."

Based on that finding the judge awarded a judgment against the husband for $50,000, which represented "an equitable division of the marital estate."

### II.

The husband asserts that the balance sheets and tax returns in the record refute the judge's findings. Found in the record are certain documents, marked as exhibits, with the date and time for filing noted by the clerk and master. The date corresponds to the date of the trial, but the appellant did not file a transcript of the evidence and the documents are not authenticated by the trial judge. Since the appellant made no effort to comply with Rule 24, Tenn.R.App.Proc., the automatic authentication provided in Rule 24(f) does not apply. Therefore, we are of the opinion that the documents cannot be considered.

Without any evidentiary record there is no way to determine if the evidence preponderates against the chancellor's findings of fact. *See* Rule 13(d), Tenn.R.App.Proc. Instead, we are required to presume that the evidence, if it had been preserved, would support the chancellor's factual findings. *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn.App. 1992).

Even if the documents in the record could be considered, we would still have to apply the same presumption. A partial evidentiary record would not exclude the possibility that other evidence tilted the balance in favor of the chancellor's findings.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Dickson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.