IN THE COURT OF APPEALS OF TENNESSEE

FILED

July 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

HAROLD D. ROBBINS and wife,      ) C/A NO. 03A01-9703-CV-00072
JEAN A. ROBBINS, Natural Parents )
and Next of Kin of BRIAN K.      )
ROBBINS, Deceased,               )
                                 )
          Plaintiffs-Appellees,  )
                                 )
                                 ) APPEAL AS OF RIGHT FROM THE
                                 ) CAMPBELL COUNTY CIRCUIT COURT
v.                               )
                                 )
                                 )
                                 )
                                 )
WILMA J. MONEY and               )
HERMAN L. MONEY,                 )
                                 ) HON. CONRAD E. TROUTMAN, JR.
          Defendants-Appellants. ) JUDGE


For Appellants                        For Appellees

ROBERT W. KNOLTON                     EDWARD M. GRAVES, JR.
Kramer, Rayson, Leake,                CARL WINKLES
 Rodgers & Morgan                     Knoxville, Tennessee
Oak Ridge, Tennessee



O P I N I O N



AFFIRMED                                    Susano, J.
REMANDED WITH INSTRUCTIONS

We are asked to review an arbitration award. Pursuant to the authority found at T.C.A. §§ 29-5-312 and 29-5-315, the trial court, acting on the application of the plaintiffs, the parents of the late Brian K. Robbins (Estate),[1] confirmed the arbitrator's award[2] of damages to the Estate against the defendant Wilma J. Money (Money), and entered a judgment "in conformity therewith." *See* T.C.A. § 29-5-315. Money[3] appealed, asserting two grounds for reversal:

> 1. Was the award of the arbitrator, his findings of fact and conclusions of law, clearly erroneous?
>
> 2. Did the trial judge err in affirming the award of the arbitrator and entering judgment thereon against the appellants?

We affirm.

I

This litigation arose out of an automobile accident that occurred in Campbell County on November 18, 1993. At the time of the accident, Ms. Money was attempting to make a left-hand turn off U.S. Highway 25W when her vehicle was struck by a vehicle driven by Brian K. Robbins (Robbins), who was proceeding

---

[1] For ease of reference, the plaintiffs will be referred to as the Estate or in the singular; actually, Harold D. Robbins and wife, Jean A. Robbins, as natural parents and next of kin of Brian K. Robbins, are the named plaintiffs and appellees.

[2] The arbitrator's award was $548,431.80, being 70% of the plaintiff's damages. The judgment was entered for $100,000, the maximum award authorized by the parties' pre-arbitration "high-low" agreement.

[3] Ms. Money's husband, the defendant Herman L. Money, also appealed. For ease of reference, the appellant will be referred to as Money, Ms. Money, or in the singular.

in the opposite direction on 25W. Robbins and his brother, Steven M. Robbins, were killed. Kimberly Michelle Hensley, who was also a passenger in the Robbins vehicle, and Ms. Money were also injured in the accident.

The Estate filed suit against Ms. Money and her husband in the Campbell County Circuit Court. The Moneys filed a counterclaim against the Estate. At a later date, this action was consolidated with a suit filed by the parents of Steven M. Robbins against the Moneys and a suit filed by Ms. Hensley against the Estate and the Moneys. The Moneys' counterclaim was settled and dismissed by order entered February 26, 1996. The record does not disclose the disposition of Ms. Hensley's suit against the Estate. The parties to the remaining actions entered into a written agreement to arbitrate their respective claims "subject to the provisions of T.C.A. § 29-5-301, *et seq.*, and to the compatible provisions of T.C.A. § 29-5-101, *et seq.*"

The parties agreed that Bruce A. Anderson, a Knoxville attorney, would serve as arbitrator. On October 2, 1996, the parties appeared before Mr. Anderson for a hearing. On October 10, 1996, the arbitrator submitted his written opinion, in which he apportioned the fault for the accident, 70% to Money and 30% to Robbins. The opinion describes the evidence heard by the arbitrator:

> . . . the parties stipulated most of the proof introduced including certain depositions, affidavits and other exhibits. Four witnesses testified at the hearing: Joyce Heatherly Walker, Wilma Money, Kimberly Hensley and Harold Robbins.

The arbitrator notes in his opinion that

> [t]he issue of liability was contested by the
> parties - the plaintiffs contending that the
> cause of the accident was Wilma Money making
> a left-hand turn in front of the Robbins'
> vehicle, and Ms. Money contending that the
> cause of the accident was the excessive speed
> of the Robbins' vehicle.

The arbitrator, in finding that the major share of the blame for the accident rested with Money, stated that there was "considerable conflicting testimony between the eye witnesses" as well as "conflicting testimony between the accident reconstruction experts offered by both sides."

Money did not appeal that part of the trial court's judgment pertaining to the arbitration awards to the estate of Robbins' brother and Ms. Hensley. Therefore, the only part of the trial court's judgment before us is that which confirms the arbitrator's award to the Estate against Money.

II

The appellant Money argues that arbitration awards, in general, are subject to judicial review; that this should be particularly true when the matter arbitrated involves an action for negligence growing out of an automobile accident; that the arbitrator's findings of fact are "clearly erroneous"; and that the arbitrator's award is based upon an erroneous conclusion of law. The appellee, relying upon the recent Supreme Court

4

decision of **Arnold v. Morgan Keegan and Co., Inc.**, 914 S.W.2d 445
(Tenn. 1996), strenuously argues that an appellate court is
without authority to "vacat[e] [an arbitration award] for a mere
mistake of fact or law."

In this case, the appellant asks us to reverse the
trial court's judgment, vacate the arbitrator's award "and enter
a Judgment in this Court in Money's favor." It is clear from the
appellant's brief that the fundamental basis for this request is
the appellant's assertion that the arbitrator's findings of fact
are "clearly erroneous" and that his conclusions of law involve a
misinterpretation of law, particularly the case of **Tennessee
Trailways, Inc. v. Ervin**, 438 S.W.2d 733 (Tenn. 1969) and its
progeny.

Assuming, solely for the purpose of argument, that the
appellant is correct when she argues that our standard of review
permits us to engage in the inquiry suggested by her issues--a
position that is subject to serious question under the holding in
the **Arnold** case--we do not have the necessary record before us to
make this inquiry. The appellant did not furnish us with a
transcript or statement of the evidence considered by the
arbitrator. While the record certified by the clerk of the trial
court contains a number of unauthenticated, photostatic copies of
numbered exhibits, which the appellant claims are the exhibits
introduced before the arbitrator, it does not contain the "live"
testimony heard by the arbitrator. As previously indicated, the
arbitrator heard the oral testimony of four witnesses, all of
whom apparently testified, at least in part, on matters

5

pertaining to the issue of liability.[4] Thus, while the appellant invites us to engage in a review of the evidence, she does not present us with a transcript or statement of the evidence to enable us to make such an inquiry. As to the unauthenticated exhibits in the record, their lack of authentication from the arbitrator or the trial judge, *see* Rule 24(f), T.R.A.P., precludes us from considering them. *See **Bishop v. Bishop***, 939 S.W.2d 109, 110 (Tenn.App. 1996); but even if we could consider them, it is clear that we do not have *all* of the relevant evidence on the issue of liability that was considered by the arbitrator.

The appellant filed with the trial court a document entitled "Designation of Appellate Record and Notice of No Transcript." In that document, she states that "there will be no transcript prepared and filed as a part of the record on appeal in this cause." Under Rule 24, T.R.A.P., an appellant who intends to challenge factual findings is required to file a transcript or statement of the evidence that "convey[s] a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." *See* Rule 24(b) and (c), T.R.A.P. "The appellant has the primary burden to see that a proper record is prepared on appeal and filed in this Court." ***McDonald v. Onoh***, 772 S.W.2d 913, 914 (Tenn.App. 1989).

This is not a case where the filing of a *partial* transcript may trigger an obligation on the part of the appellee

---

[4]This conclusion is based upon the written opinion of the arbitrator and statements in the briefs.

to supplement the appellant's filing. *See* Rule 24(b). In this case, *no* transcript was filed. The failure to file a transcript or statement of the evidence in this appeal, involving as it does challenges to the correctness of findings of fact, brings into play a well-established principle of law:

> Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its *judgment*, and this Court must therefore affirm the judgment.

*Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn.App. 1992). (Emphasis added). *See also* *McDonald*, 772 S.W.2d at 914; *Bishop*, 939 S.W.2d at 110; *Word v. Word*, 937 S.W.2d 931, 932 (Tenn.App. 1996); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn.App. 1992); *Irvin v. City of Clarksville,* 767 S.W.2d 649, 653 (Tenn.App. 1988).

Thus, while we have serious reservations as to whether we could reach the appellant's issues even if we had a transcript or statement of the evidence, it is clear that we cannot decide factually-based issues without the relevant facts that were presented to the arbitrator. We are an appellate court. We evaluate, under prescribed standards of review, what other tribunals or fact finders have done to determine if there are reversible errors in their rulings. We are prevented from doing so unless the totality of the evidence that led to those factually-driven determinations is laid before us.

The Estate contends that this is a frivolous appeal. It seeks damages under T.C.A. § 27-1-122. We agree. The appellee should not have to incur the cost of defending an appeal that was doomed from the start by the lack of a transcript or statement of the evidence. *See* **McDonald**, 772 S.W.2d at 914.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant and her surety. On remand, the trial court will determine appellee's expenses incident to this appeal, including reasonable attorney's fees.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.

8