IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2002 Session

## CHRISTOPHER LYNN HOOVEN v. JOHNNIA SHANNON HOOVEN

**Direct Appeal from the Chancery Court for Giles County**
**No. 1700    Hon. Stella L. Hargrove, Judge**

---

**No. M2001-02108-COA-R3-CV - Filed August 20, 2002**

---

The wife appeals from the Trial Court's placing primary custody of the parties' minor children with the father. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

W. Howell Forrester, Pulaski, Tennessee, for Appellant, Johnnia Shannon Hooven.

M. Andrew Hoover, Pulaski, Tennessee, for Appellee, Christopher Lynn Hooven.

**OPINION**

In this custody dispute, the mother appeals from the Trial Court's final Order placing primary custody of the minor children with the father.

Essentially, the issue on appeal is the grant of primary residential custody to the father who filed a Complaint for Divorce on October 13, 2000. The wife answered and counterclaimed. A *pendente lite* hearing was held on October 23, and the Trial Court entered an Order specifying in some detail the particulars governing the issues surround the children, awarding joint custody between the parties on a temporary basis with the wife designated as the primary physical custodian.

On April 16, 2001, the Court entered an Order declaring the parties divorced, and

adopted the wife's proposed parenting plan. Both parties then filed motions to alter and amend, and then on May 11, 2001 the Trial Court entered an Order staying the permanent parenting plan. On June 18, an evidentiary hearing was conducted by the Trial Court at the conclusion of which, the Court ruled that the parties and the minor children were to be evaluated by a psychologist who was to submit his findings and recommendations to the Court on the issue of custody and residential parenting responsibilities of the parties.

The record reveals another hearing was held on July 31, 2001, and the Court entered an Order on August 10, 2001, where the Court reviewed the pleadings and reports of the psychologist and all previous testimony of witnesses and arguments of counsel, and then made additional findings of fact. The Court found that the psychology report was an "extraordinarily insightful view and study of these parties and their children" and the Court rejected the suggestion that the father had been guilty of sexual abuse. The Court then expressly adopted the findings of the psychologist as the findings of the Court and the parenting plan submitted by the husband was adopted.

Our review of the findings of fact by the Trial Court is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). *Bah v. Bah*, 668 S.W.2d 663, 665 (Tenn. Ct. App. 1983); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). The only transcript of evidence in the record is the transcript of the evidence heard on June 18, 2001. As noted, the Trial Court in its final Order relating to custody, based her decision upon "all previous testimony of the parties and their witnesses". The record demonstrates that all of the evidence heard by the Trial Judge relating to the issue of custody has not been preserved and is not in the record. In the absence of all the evidence prepared in accordance with Tenn. R. App. P. 24(c), we presume the entire record, had it been preserved, would have contained sufficient evidence to support the Trial Court's factual finding, and we affirm. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). A partial evidentiary record cannot exclude the possibility that other evidence supports the trial court's findings, thus the presumption must be applied in the absence of the full evidentiary record. *Bishop v. Bishop*, 939 S.W.2d 109 (Tenn. Ct. App. 1996).

Before concluding, we will address the wife's argument that the initial adoption of the wife's parenting plan became *res judicata*. That is simply not the case. The doctrine of *res judicata* does not apply when a judgment sought to be given *res judicata* effect is not final. *See Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). *Accord, Young v. Young*, 1998 Tenn. App. Lexis 702, No. 01 A01-9801-CH-00047 (October 28, 1998).

The technical record is clear that the Trial Court's final Order in this case was based on the culmination of protracted litigation extending over the course of many evidentiary hearings, yet this Court was only provided with one evidentiary transcript of one of the hearings. Additionally, the wife in her brief argues numerous facts outside of the record, and it is not proper for this Court's consideration. Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Johnnia Shannon Hooven.

_____

HERSCHEL PICKENS FRANKS, J.