IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 10, 2010 Session

## KATHY H. WRIGHT v. JAMES CHARLES WRIGHT

**Appeal from the Chancery Court for Knox County**
**No. 147753-2      W. Dale Young, Judge[1]**

---

**No. E2009-01932-COA-R3-CV-FILED-JUNE 30, 2011**

---

In this post-divorce proceeding, the trial court granted the father sole custody and decision making authority over the parties' minor children.  The mother appealed. We affirm the judgment of the trial court on all issues.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Thomas F. Mabry, Seymour, Tennessee, for the appellant, Kathy H. Wright.

Craig L. Garrett, Maryville, Tennessee, for the appellee, James Charles Wright.

### OPINION

### I.  BACKGROUND

The parties, Kathy H. Wright ("Mother") and James Charles Wright ("Father"), were divorced on the grounds of irreconcilable differences on October 18, 2002.  They have three children -- one adult daughter and two minor daughters.

During the two years following the divorce, the parties' relationship deteriorated further; on April 30, 2004, Mother filed petitions to Modify Child Support, for Contempt, and to Modify Permanent Parenting Plan. Over the next two years both parties filed a flurry of motions against the

---

[1]The late Judge Young, Circuit Court Judge for Blount County, was sitting by interchange.

other.[2] It appears that there were at least three hearings regarding Mother denying Father visitation with his children over holiday breaks. Mother also filed three motions to recuse the trial judge during this time period.

The trial court ordered Mother on two separate occasions to comply with the visitation arrangement of the Permanent Parenting Plan. The record reveals that the trial court ordered the parties to mediate on several occasions throughout 2005 and 2006 to no avail.

The trial of this case finally began on June 6, 2007; after a series of hearings, it concluded on June 9, 2009. On September 11, 2009, the trial court issued its Final Order including thirty pages devoted to the court's findings of fact. Mother filed a timely appeal from the Final Order.

## II. ISSUES

Mother's issues are restated as follows:

1. Whether the trial court abused its discretion in denying Mother's motion to recuse.

2. Whether the evidence is insufficient and whether the evidence preponderates against the trial court's findings regarding custody of the parties' minor children.

3. Whether the trial court erred in providing for the parties' 15-year-old daughter to testify in open court as opposed to in chambers in the absence of the parties and whether it was error to deny Mother's motion for a psychological evaluation.

4. Whether the trial court erred in making any orders relative to custody when Mother raises for the first time on appeal an assertion that there was a pending juvenile court matter.

5. Whether the trial court erred in regard to an order of June 20, 2008.

6. Whether the trial court erred in denying Mother's order of protection.

7. Whether the trial court erred in denying the petition for criminal contempt.

8. Whether the trial court erred in denying an emergency petition for modification of co-parenting.

9. Whether the evidence preponderates against the award of judgment to Father

---

[2]There is no dispute that there had been a long history of problems relating to the custody arrangement.

against Mother.

10.  The "Final Order" should be stayed pending appeal.

11.  Whether the trial court erred in its enforcement/modification of the marital dissolution agreement in light of Mother's post-trial request that the trial court take judicial notice pursuant to Tennessee Rule of Evidence 201 of the meaning of "SFR" (Substitute for Return) of the Federal Income Tax Return of James C. Wright and Kathy H. Wright for the calendar year 2002.

## III.  STANDARD OF REVIEW

We review the trial court's findings of fact de novo with a presumption of correctness unless the evidence preponderates to the contrary.  Tenn. R. App. P. 13(d).  We review the trial court's conclusions of law de novo without a presumption of correctness.  *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

An appellate court will find an abuse of discretion "only when the trial court applies an incorrect legal standard, reaches an illogical decision, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Francois v. Willis*, 205 S.W.3d 915, 916 (Tenn. Ct. App. 2006).

## IV.  DISCUSSION

It appears that Mother did not file the full transcript of the trial; rather, she filed excerpts of testimony.  Clearly excluded are relevant portions of testimony from Mother, Father, and Father's current Wife.  Significantly, the filings provided do not relate to the issues raised on appeal.  As we noted in *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 WL 295237 (Tenn. Ct. App. M.S., Feb. 1, 2007),

> [a]n incomplete appellate record is fatal to an appeal on the facts.  "This Court's authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved." . . .  This Court has stated:
>
> > Where the issues raised go to the evidence, there must be a transcript.
> > In the absence of a transcript of the evidence, there is a conclusive
> > presumption that there was sufficient evidence before the trial court
> > to support its judgment, and this Court must therefore affirm the
> > judgment. . . .

*Piper*, 2007 WL 295237, at *4 (citations omitted).

## A.

First, it is argued by Mother that the trial judge erred by failing to recuse himself from the case.

It is a long standing rule that the recusal decision is within the sole discretion of the trial judge, and such a decision will not be reversed unless a clear abuse of that discretion is found on the face of the record. *See Moody v. Hutchison*, 247 S.W.3d 187, 202 (Tenn. Ct. App. 2007); *see also State v. Odom*, 336 S.W.3d 541, 575-77 (Tenn. 2011). In the present case, Mother has failed to provide a record where such evidence of an abuse of discretion can be found. Instead, Mother cites routinely to her own pleadings and appears to base the entire recusal motion on the fact that the trial judge decided against Mother. However, Mother fails to consider that "[a]n adverse ruling does not necessarily indicate bias or prejudice." *State v. Reid*, 213 S.W.3d 792, 816 (Tenn. 2006).

Furthermore, by not providing any relevant citations to the record beyond her own unsworn pleadings, Mother has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). Simultaneously, Mother has failed to comply with Rule 27 of the Rules of Appellate Procedure which requires that all arguments contain "citations to the authorities and appropriate references to the record . . . ." Tenn. R. App. P. 27(a). Thus, all "facts" Mother presents regarding the trial judge's prejudice will not be considered because "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issue[] for review." *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000).

## B.

Mother approaches three issues with one confusing argument. First, it is argued that the evidence preponderates against the trial court's decision to modify the Permanent Parenting Plan in favor of Father. Then, it is argued that the trial court erred in requiring the minor children to testify in open court. This argument is combined in a baffling manner with the argument that it was an error for the trial court to not order a psychological evaluation for the minor children. Finally, Mother argues the trial court erred in making any dispositive orders when there was a pending action in the Knox County Juvenile Court.

As pointed out by Father, the trial court made a detailed finding of fact within its Final Order

regarding the testimony of all three daughters. The court explained that it did not allow the minor children to testify in chambers because "[Mother's] attorney has exercised a considerable degree of contact with the children. Also, it appears that [Mother] has manipulated the children as to their testimony." Based on the limited record before us, we find no abuse of discretion in the trial court's ruling regarding the testimony of the minor children.

Mother has failed to submit substantial portions of transcript that would pertain to the custody issue. Without a complete and accurate record, we cannot determine if the evidence preponderates against the findings of fact and conclusions of law that a material change of circumstances had occurred supporting the change in custody and revised parenting schedule. We are, therefore, required to presume that the evidence supports the factual findings enumerated in the Final Order. *Bishop v. Bishop*, 939 S.W.2d 109 (Tenn. Ct. App. 1996):

> Without any evidentiary record, there is no way to determine if the evidence preponderates against the [Judge]'s findings of fact. Instead, we are required to presume that the evidence, if it had been preserved, would support the [Judge]'s factual findings.

939 S.W.2d at 110.

As to the trial court denying the opportunity for the children to have a psychological exam and a possible conflicting court action in the Knox County Juvenile Court, Mother has neglected to address either issue in any material fashion whatsoever. There are no citations to any relevant aspects of the record, and there is absolutely no citation to authority pertaining to these issues.

"[T]his Court is under no duty to blindly search the record in order to find . . . evidence to support [Mother's arguments]." *Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989) (citations omitted). Thus, having again failed to comply with Rule 6 of the Tennessee Court of Appeals and with Rule 27 of the Rules of Appellate Procedure, the above issues are waived. Tenn. R. App. P. 27; Tenn. Ct. App. R. 6.

## C.

For her fifth issue, Mother contends that the trial court erred by making a sua sponte order on June 20, 2008. This issue relates to whether the trial court could dismiss Mother's filing before the Referee to set child support. Mother scheduled the child support matter after the trial had already commenced.

Mother's argument contains neither citation to the record nor to any legal authority to support setting aside the order. Mother makes several statements in her argument claimed to be facts, but these are completely unsupported by the record. Statements standing alone in briefs are not evidence. *Outpatient Diagnostic Ctr. v. Christian*, No. 01A01-9510-CV-00467, 1997 WL 210842,

at *2 (Tenn. Ct. App. M.S., Apr. 30, 1997). Mother cannot expect this court to create her argument wholesale for her when the court is provided only a piecemeal tapestry of the trial court's actions. *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). We find no evidence to show that the trial court abused its discretion in its ruling. Further, we consider this issue waived pursuant to Rule 27 of the Rules of Appellate Procedure. Tenn. R. App. P. 27; *Bean*, 40 S.W.3d at 54-55.

**D.**

Mother next attempts to argue that the trial court erred in denying three motions: an Order of Protection, a Petition for Criminal Contempt, and an Emergency Petition for Modification of Co-Parenting. In a continuing example of the deficiency of Mother's brief, these issues are entirely unsupported by citations to the record or to any authority. She has filed no transcript or evidence from any hearings. Mother "cannot expect this court to do [her] work for [her]. This Court is under no duty to verify unsupported allegations[,] . . . or for that matter [to] consider issues raised but not [supported by argument]." *Bean*, 40 S.W.3d at 56. Having again failed to comply with the applicable rules, these issues are waived. Tenn. R. App. P. 27; Tenn. Ct. App. R. 6.

**E.**

Mother next argues that the evidence preponderates against the judgment awarded to Father and that the Final Order of the trial court should be stayed pending this appeal. Although the argument is that the evidence is against the weight of the judgment, Mother cites only to her own pleadings. Unsworn pleadings are not evidence. *Outpatient Diagnostic Ctr.*, 1997 WL 210842, at *2. There is no argument whatsoever presented for why the trial court's orders should be stayed. Both issues are therefore without merit.

**F.**

Mother's final two issues state that the trial court erred in its manner of enforcement of the 2002 Marital Dissolution Agreement and that it failed to take appropriate notice of the meaning of Substitute for Return regarding Father's 2002 tax return. As the only relevant citations are to unsupported pleadings which cannot contradict any of the trial court's detailed findings of fact, these issues are also waived. Tenn. R. App. P. 27; Tenn. Ct. App. R. 6; *Sneed*, 301 S.W.3d at 615.

## V. CONCLUSION

The judgment of the trial court is affirmed due to the incomplete appellate record.  Costs of the appeal are assessed to the appellant, Kathy H. Wright.


_____
JOHN W. McCLARTY, JUDGE