IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 4, 2014

# JENNIFER SCARLETT ROBBINS GOODMAN v.
# TEMITOPE "MICHAEL" BAMIJI OGUNMOLA

**Appeal from the Chancery Court for Scott County**
**No. 10387    Hon. Andrew R. Tillman, Chancellor**

**No. E2014-00045-COA-R3-CV-FILED-SEPTEMBER 4, 2014**

This appeal involves Defendant's motion to set aside a default judgment entered against him in a divorce action. The trial court denied the motion. Defendant appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J. and THOMAS R. FRIERSON, II, J., joined.

Henry D. Forrester, III, Clinton, Tennessee, for the appellant, Temitope "Michael" Bamiji Ogunmola.

David D. Noel, Knoxville, Tennessee, for the appellee, Jennifer Scarlett Robbins Goodman.

## OPINION

## I. BACKGROUND

Jennifer Scarlett Robbins Goodman ("Plaintiff") married Temitope "Michael" Bamiji Ogunmola ("Defendant") in October 2010. Approximately two years later, Plaintiff filed a complaint for divorce, alleging that irreconcilable differences had arisen and that Defendant had been guilty of such inappropriate marital conduct that further cohabitation was unsafe and improper. Plaintiff alleged that Defendant had deceived her to secure his immigration status and that she had aided him financially in order to secure his status, believing that he truly wanted to marry her. She requested the return of her personal property, an equitable

division of the marital property, and reimbursement for her financial investment in the marriage and lost income as a foster parent as a result of the marriage.

Plaintiff arranged for service of process through the Tennessee Secretary of State pursuant to Tennessee Code Annotated section 20-2-115 and Rule 4.05(5) of the Tennessee Rules of Civil Procedure because Defendant lived in Kentucky. The United States Postal Service made three attempts to deliver the summons and complaint before returning the certified mail as "unclaimed" on November 1, 2012. Defendant failed to appear or respond to the complaint. Plaintiff filed a motion for default judgment on December 20, 2012. Approximately one month later, the trial court granted Plaintiff's request for divorce, entered a default judgment against Defendant in the amount of $11,000, and awarded Plaintiff attorney fees in the amount of $750.

Approximately one month later, Defendant filed a motion to set aside the default judgment entered against him. He alleged that he never received the summons or complaint for divorce. He stated that his actual address was

> 1028 Champion Court
> Apartment A
> Frankfurt, Kentucky 40601

but that the service of process was sent to

> 1028 Champion Court
> Frankfurt, Kentucky 40601.

He asserted that Plaintiff knew his valid address and had even signed a lease agreement for the apartment several months prior to filing her complaint for divorce. He claimed that Plaintiff purposefully neglected to indicate the apartment designation for the process server in order to secure a default judgment against him and that any neglect, mistake, or inadvertance on his part was excusable. He opined that he had a "good and valid defense" to the allegations contained in the complaint and that the $11,000 judgment was inequitable.

Defendant attached an affidavit to his motion, alleging that Plaintiff took "everything except the window blinds" when she left, that he was never served with a copy of the complaint or notified that he had received certified mail, and that he only learned of the default judgment when he found a letter from Plaintiff's attorney in the trash bin by his mailbox. He explained that the letter did not indicate his apartment number and was likely thrown in the trash bin by the postal worker. Relative to his defense, Defendant stated,

I provided significant financial contribution to the marriage, even providing money to [Plaintiff] when I first arrived in America. My money was used to pay my immigration attorney. When we filed joint taxes for 2010, [Plaintiff] kept all the refund and used it to buy her teenage daughter a car. [Plaintiff] volunteered to take "lay off" status from her job as an LPN. [Plaintiff's] foster kids were reunited with their biological family - I had nothing to do with the loss of that income. I completed foster parent training for Kentucky parents (where I thought we were going to live as a family).

Plaintiff filed a response to Defendant's affidavit, in which she alleged that Defendant refused to move to Tennessee when they married even though she was employed in Tennessee, that he chose to live with friends instead, that he only procured his own apartment in Kentucky after she discovered that he was "partying and drinking with other women," and that she only lived with him in his apartment for two weeks before she discovered that she could not trust him. She claimed that she and her attorney spoke with him on two occasions prior to the hearing and that she maintained the same telephone number until February 2013. She also included a list of expenses for items she purchased for Defendant, totaling $4,937 and income lost as a foster parent, totaling $6,000.

Following a hearing, the trial court denied Defendant's motion to set aside the default judgment.[1] This timely appeal followed.

## II. ISSUES

We restate the issue raised on appeal by Defendant as follows:

A. Whether the trial court erred in denying the motion to set aside the default judgment.

Plaintiff also raised an issue for our consideration on appeal that we restate as follows:

B. Whether this court must affirm the trial court's judgment when Defendant failed to include a transcript or statement of the evidence on appeal.

---

[1]Neither a transcript nor a statement of the evidence was filed for this court's review.

-3-

## III.  STANDARD OF REVIEW

We review a trial court's award or denial of relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008). Unless the trial court abused its discretion, its ruling on such motions may not be reversed on appeal. *Id.* A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999).

## IV.  DISCUSSION

### A. & B.

As a threshold issue, we must address Plaintiff's assertion that the trial court's judgment must be affirmed because Defendant failed to include a statement of the evidence or a transcript of the hearing. Defendant's failure to file a transcript or statement of the evidence of the proceedings in the trial court generally frustrates this court's review. An appellant must prepare a record that "conveys a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal." Tenn. R. App. P. 24(b); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). When an appellant fails to produce a record of trial, it is presumed that the evidence supports the ruling of the trial court. *Bishop v. Bishop*, 939 S.W.2d 109 (Tenn. Ct. App. 1996). Nevertheless, in the event of further appellate review, we will address the issue before us with the limited record provided on appeal.

A final judgment may be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure when

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud [ ], misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons

-4-

(1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

Defendant argues that his failure to appear and to respond was due to "mistake, inadvertence, surprise or excusable neglect," Plaintiff's fraud as evidenced by her failure to identify his apartment on the summons and complaint, and his failure to actually receive the summons and complaint. Tenn. R. Civ. P. 60.02(1), (2), and (5). A party seeking relief from a final judgment under Rule 60.02 bears the burden of offering proof of the basis upon which relief is sought. *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003). In determining whether a default judgment should be set aside, Tennessee courts also must consider, in addition to the justifications provided under Rule 60.02, the following three criteria: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Tenn. Dept. of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)); *see, e.g.*, *Henry*, 104 S.W.3d at 481; *Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, 338 S.W.3d 882, 886 (Tenn. Ct. App. 2009). The trial court's findings based on a consideration of these factors are accorded great weight. *See Barbee*, 689 S.W.2d at 867 ("[T]he trial court is in the best position to assess the various factors that should be considered in determining whether a default judgment should be vacated."). While Rule 60.02 is construed with liberality, the defaulting party must prove entitlement to relief pursuant to Rule 60.02. *Henry*, 104 S.W.3d at 481-82 (citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624-25 (Tenn. 2000)).

An absence of willfulness does not necessarily mean that the neglect was excusable because willfulness has not replaced the Rule 60.02(1) reason of excusable neglect. *Pryor*, 338 S.W.3d at 886. "A recent Tennessee decision explained the relationship as follows: '[t]his approach has been to find that negligence, a form of neglect, may be excusable and to employ wilfulness as a critical factor in distinguishing neglect that is excusable from that which is not.'" *Id.* (quoting *World Relief Corp. of Nat'l Ass'n of Evangelicals v. Messay*, No. M2005-01533-COA-R3-CV, 2007 WL 2198199, at *7, n.9 (Tenn. Ct. App. July 26, 2009)).

Plaintiff argues that Defendant's failure to respond was not due to his mistake, her alleged fraud, or his failure to receive the summons and complaint. She asserts that his

actions were willful as evidenced by his refusal to accept delivery of the summons and complaint. Rule 4.05 of the Tennessee Rules of Civil Procedure provides, in pertinent part,

> (5) When service of summons, process, or notice is provided for or permitted by registered or certified mail, under the laws of Tennessee, and the addressee, or the addressee's agent, refuses to accept delivery, and it is so stated in the return receipt of the United States Postal Service, the written return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing. *For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.*

(Emphasis added). The record reflects that the United States Postal Service made three attempts to deliver the summons and complaint before declaring that the certified mail was "unclaimed." Unlike the letter from Plaintiff's attorney, these notices were not located in the trash bin by Defendant's mailbox. The notices contained the Defendant's name and correct address of the apartment complex and were not returned as undeliverable because the address was insufficient. Relative to his meritorious defense, Defendant asserted that he also financially contributed to the marriage. Plaintiff responded, in kind, with an affidavit containing a list of expenses she incurred as a result of the marriage. Likewise, she asserts on appeal that she would be prejudiced if the judgment were set aside because she had "overextended herself financially" to secure the divorce judgment and then defend the judgment on appeal. With these considerations in mind, we conclude that the trial court did not abuse its discretion in denying the motion to set aside the default judgment.

## V. CONCLUSION

The judgment of the trial court is affirmed, and this case is remanded to the trial court for enforcement of the court's judgment and for collection of costs assessed below. Costs of the appeal are taxed to the appellant, Temitope "Michael" Bamiji Ogunmola, for which execution may issue, if necessary.

_____
JOHN W. McCLARTY, JUDGE