IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2019 Session

## SHERITA MICHELLE POLK v. FRANK EDWARD POLK

**Appeal from the Chancery Court for Madison County**
**No. 71535     James F. Butler, Chancellor**

—————————————————————

### No. W2018-02052-COA-R3-CV

—————————————————————

This appeal arises from a divorce between parties with no minor children. The husband appealed raising numerous issues related to property division. He also challenges the trial court's denial of his request for alimony. The appellate record contains no transcript or statement of evidence that complies with Rule 24 of the Tennessee Rules of Appellate Procedure. Further the husband's brief is woefully deficient. Because of the husband's failure to comply with the Tennessee Rules of Appellate Procedure and the Rules of this Court, there is no basis upon which to conclude that the evidence preponderates against the findings of the chancery court and the rulings based thereon. We affirm the judgment of the chancery court and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA D. McGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

Frank Edward Polk, Jackson, Tennessee, Pro Se.

Mitchell G. Tollison, Jackson, Tennessee, for the appellee, Sherita Michelle Polk.

### MEMORANDUM OPINION[1]

—————————————————

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

# I. FACTS & PROCEDURAL HISTORY

Frank Edward Polk ("Husband") and Sherita Michelle Polk ("Wife") were married in 1992 and have no minor children. In 2014, Wife filed for divorce. Husband timely filed an answer and counter-complaint.

After a period of discovery, several pre-trial motions, and an unsuccessful mediation, the court held a four-day bench trial in 2017 and 2018. Each party was represented by an attorney throughout the trial. The trial court issued a letter ruling and filed the same with the clerk on September 11, 2018. An order of absolute divorce was entered on October 15, 2018. The trial court declared the parties divorced pursuant to Tennessee Code Annotated section 36-4-129. The court attached to the order a spreadsheet which detailed the division of assets and debts for each party in a manner the court deemed equitable.

Husband filed several post-trial motions, including a motion to contest the terms of the order of absolute divorce, and he raises similar issues in this appeal. Wife filed a motion for clarification of issues. The trial court heard the motions on November 5, 2018, and took the matter under advisement. The court issued separate letter rulings on November 16, 2018, addressing all issues raised by Husband and Wife, except for Husband's request to "correct the address on the property division worksheet to read 244/246 Airways Blvd." The court indicated it would reconsider the alimony issues in a separate order. The letter rulings were memorialized in orders entered on December 10, 2018. A separate order on alimony was filed with the trial court on March 1, 2019, which terminated the alimony award to Wife contained in the order of absolute divorce. Husband timely filed a notice of appeal. Wife does not present any issues on appeal.

# II. ISSUES PRESENTED

Husband presents the following issues, as quoted from his brief:

1. Whether the trial court's amended final order on alimony filed March 1, 2019 reflects equitable consideration to the Appellant's economic disadvantage that would result from a failure to award him additional income producing marital property and/or alimony for spousal support and relief.

---

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2. Whether the trial court can seize and withhold Appellant's home insurance proceeds and if $7,246.46 of Appellant's home insurance proceeds, which was awarded to Appellee to satisfy her request for attorney fees, be amended and awarded to Appellant for recovering damages to the insured property.

   2a. Whether the trial court may order Appellant to pay for a service that the court asked Appellee's attorney to do.

3. Is Appellant entitled to have an equitable share of Appellee's IRA?

4. Whether Appellant should be awarded or credited for paying deficiency balance on foreclosed marital home.

5. Whether Appellant is entitled to relief in the form of a reimbursement award for the seizure of his rents by Appellee before the resolution of all actions, proper notice and transfer of deeds.

6. Whether the marital debt, especially non-evidenced debt, should be removed from the work sheet attached to the absolute order of divorce filed October 15, 2018.

7. Should the address for Appellant's awarded marital property be corrected on the work sheet attached to the absolute order of divorce filed October 15, 2018?

## III. DISCUSSION

### A. Transcript or Statement of Evidence

As an initial matter, we note that Husband proceeds pro se in this appeal.[2] It is well settled that pro se litigants must comply with the same standards to which lawyers must adhere. *Jackson v. Lanphere,* No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.

---

[2] Husband was represented by counsel when he filed his answer and counter-complaint; however, his attorney withdrew on February 8, 2016. New counsel filed a notice of appearance on March 7, 2016, but subsequently withdrew on October 5, 2018, at the request of Husband.

Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson,* 2011 WL 3566978, at *3 (quoting *Hessmer v. Hessmer,* 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

With the foregoing in mind, we turn to address the issues of Husband's appeal. Wife argues that Husband has waived all issues and his appeal should be dismissed for failure to comply with the Tennessee Rules of Appellate Procedure. Our review of the record identifies several deficiencies.

It is important to note that in order for us to conduct a meaningful review we have to be able to review the specific findings of the trial court against the evidence. *Kathryne B.F. v. Michael B.*, No. W2013-01757-COA-R3-CV, 2014 WL 992110, at *7 (Tenn. Ct. App. Mar. 13, 2014). The evidence we review is preserved in the record. Tennessee Rule of Appellate Procedure 24 sets forth the requirements for the content and preparation of the record. In reference to Rule 24 we have explained that "[t]he burden is . . . on the appellant to provide the court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)).

If no transcript is available, Tennessee Rule of Appellate Procedure 24(c) provides, in relevant part:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. **The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal**. The statement, **certified by the appellant . . . as an accurate account of the proceedings**, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.

Tenn. R. App. P. 24(c) (emphasis added).

Rule 24(f) sets out the appropriate steps for approval of the transcript or statement of the evidence:

The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge.

*Id*.

Here we have no transcript or helpful statement of the evidence reflecting what occurred at the four-day trial.[3] The purported statement of evidence filed by Husband, which we have copied verbatim, states:

Comes now the Defendant, Frank Edward Polk, to serve notice that trial court has no transcript and Defendent [sic] hereby provides this Statement of Evidence for appeals case# w2018-02052-coa-r3-cv [sic]:

The issues being appealed went and continues before the Chancery Court of Madison County, Tennessee wherein Plaintiff, Sherita Michelle Polk, filed for divorce on February 27, 2014 and Defendant filed an answer and counter complaint for divorce on March 11, 2014. An order for the hearing on March 11, 2014 was entered on October 14, 2014. The court facilitated the plaintiff attorney's motions to prolong the divorce proceedings. At The final hearing on May 21, 2018 a divorce was granted. Rulings for the divorce were entered September 11, 2018 and the final decree entered October 15, 2018. A post divorce hearing on November 5, 2018 was addressed by letters containing modified and clarified rulings dated November 16, 2018. The modifications were entrusted to the plaintiffs attorney to submit as an order to be signed by the judge. I filed responses to the letters on November 26, 2018 before they were submitted as orders to be signed.

All documents at the trial court pertaining to the divorce and dissolution of the marriage are subject to providing evidence.

---

[3] Husband filed a "Notice of the Filing of Transcript and Statement of Evidence" on November 27, 2018. The record does not reveal whether the proceedings before the chancery court which are the subject of this appeal were recorded by a court reporter. *See* Tenn. R. App. 24(b).

5

I am also submitting a copy of the following:

Exhibit la-Structural Damage Claim Policy provides evidence of the estimated damage to property awarded defendant

Exhibit 2a-email from BancorpSouth shows evidence of defendant's submission of documents and effort to retain property at 310 Hatton

Exhibit 3a-Letter to Plaintiffs Attorney concerning submission of documents for 310 Hatton loan shows evidence of defendant's effort to inform plaintiff to submit documents to extend balloon loan on property

Exhibit 4a-Tax payment receipt with correct address for property awarded defendant.

The statement is signed by Husband and affirms under oath that he has "read the foregoing Motion, and that the information contained ther[e]in is true and correct . . . ."

Given the clear inadequacy of the statement of evidence, we are left to believe that it was never reviewed by the chancery court. We considered a similar situation in *Womble v. Womble*, No. M2011-00605-COA-R3-CV, 2012 WL 5993735 (Tenn. Ct. App. Nov. 30, 2012) stating:

> Even assuming, without deciding that the Statement of the Evidence must be "deemed approved" by the trial court's inaction under Rule 24, we will not consider it as a true and accurate description of what transpired in the trial court if it is deficient on its face. Rule 24 provides expressly that the statement of the evidence "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The rule contemplates that any disputes over the accuracy of a proposed statement of the evidence will be resolved by the trial court. This is for good reason, of course; the appellate court cannot know what took place at trial apart from what is in the appellate record. Where, however, the trial court has not taken action with respect to a proposed statement of the evidence, this Court cannot accept the proposed statement of the evidence blindly where a review of the rest of the record shows plainly that it does not "convey a fair, accurate and complete account of what transpired" in the trial court below.

*Womble*, 2012 WL 5993735, at *2.

6

In this case we only have the technical record, consisting of the pleadings and the trial court's order. We are left with nothing that would indicate what evidence was actually presented at the trial. "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

In further emphasizing the necessity of a complete record, the Tennessee Supreme Court has explained,

> Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn. Cr. App. 1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. *See* T.R.A.P. 24(b).

*State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993).

The lack of an adequate record hinders our ability to review the court's factual findings. *See* Tenn. R. App. P. 13(d). Without a transcript or a helpful statement of the evidence, we have no choice but to presume that the evidence presented at trial was sufficient to support the court's judgment. *See Coakley*, 840 S.W.2d at 370; *see also Bishop v. Bishop*, 939 S.W.2d 109, 110 (Tenn. Ct. App. 1996) (explaining that "[a] partial evidentiary record would not exclude the possibility that other evidence tilted the balance in favor of the [court's] findings.")

Because Husband failed to provide either a transcript of the evidence or a statement of the evidence that complied with Rule 24 of the Tennessee Rules of Appellate Procedure, there is no basis upon which to conclude that the evidence preponderates against the findings of the chancery court and the rulings based thereon.

### B. Appellate Brief Requirements

Husband's failure to file a transcript or a complete statement of evidence is not the only deficiency. Husband takes issue with the manner in which the trial court divided the parties' marital property. However, Husband's brief does not contain a table, as required by Rule 7 of the Rules of the Court of Appeals. This Rule provides, in relevant part:

> (a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party

7

raising the issue shall contain, . . . a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

Tenn. R. Ct. App. 7.

This Court has repeatedly emphasized the importance of a Rule 7 table. Recently in *Jackson v. Jackson*, No. M2018-00361-COA-R3-CV, 2018 WL 4896656 (Tenn. Ct. App. October 9, 2018), we stated:

As we have explained in other cases involving the division of marital assets, "'in all cases where a party takes issue with the classification and division of marital property, the party must include in its brief a chart displaying the property values proposed by both parties, the value assigned by the trial court, and the party to whom the trial court awarded the property.'" *Hopwood v. Hopwood*, No. M2015-01010-COA-R3-CV, 2016 WL 3537467, at *6 (Tenn. Ct. App. June 23, 2016) (quoting *Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 WL 6640294, at *4 (Tenn. Ct. App. Nov. 25, 2014)); *see also Harden v. Harden*, No. M2009-01302-COA-R3-CV, 2010 WL 2612688, at *8 (Tenn. Ct. App. June 30, 2010); *Slaughter v. Slaughter*, No. W2007-01488-COA-R3-CV, 2008 WL 1970491, at *2-3 (Tenn. Ct. App. May 8, 2008). Failing to comply with the requirements of Rule 7 "results in waiver of 'all issues relating to the rule's requirements.'" *Hopwood*, 2016 WL 3537467, at *6 (quoting *Forbess v. Forbess*, 370 S.W.3d 347, 354 (Tenn. Ct. App. 2011)). As we noted in *Hopwood v. Hopwood*, "[a]lthough we may suspend the requirements of Rule 7 for 'good cause,' *see* Tenn. R. Ct. App. 1(b), we discern no such cause to do so in this case." *Hopwood*, 2016 WL 3537467, at *7.

*Jackson*, 2018 WL 4896656, at *7.[4]

---

[4] In further explaining the necessity of the Rule 7 table, we have stated,

[I]t is essential that the parties comply with Rule 7 in order to aid this Court in reviewing the trial court's decision. The table required by Rule 7, allows this Court to easily and

8

Even if we were to excuse Husband's failure to comply with Rule 7, we cannot overlook Husband's brief's failure to substantially comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27, in relevant part, provides that the brief of the appellant shall contain the following:

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on. . . .

Tenn. R. App. 27(a).

Husband's brief captions what he titles a statement of the facts. The statement is merely a recitation of the procedural history of the case coupled with Husband's arguments regarding the alleged wrongdoings of the trial court. Further, Husband's brief fails to develop his arguments or cite relevant authority to support his positions as required by Tenn. R. App. P. 27(a)(7). Husband does make reference to portions of Tennessee Code Annotated that he deems relevant; he simply states the referenced code section and provides no other explanations or authority. His meager references to Tennessee Code Annotated are not sufficient to overcome the lack of citation to any other authority. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Forbess*, 370 S.W.3d at 355 (quoting *Bean v. Bean*, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000)); *see also Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC*, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013).

---

> correctly determine the valuation and distribution of the marital estate as ordered by the trial court. Further, the Rule 7 table, allows this Court to ascertain the contentions of each party as to the correct valuations and proper distribution, as well as the evidence in the record which the party believes supports its contention. Consequently, a table, in full compliance with Rule 7, is vital as this Court must consider the entire distribution of property in order to determine whether the trial court erred. Moreover, this Court is under no duty to minutely search the record for evidence that the trial court's valuations may be incorrect or that the distribution may be improper.

*Harden*, 2010 WL 2612688, at *8 (citations omitted).

9

The issues of property division and alimony are not unusual issues. There are numerous cases, secondary sources and other authorities on the issues in Tennessee. However, Husband failed to cite any of these authorities to support his arguments. We again recognize Husband's pro se status and this Court's liberty to suspend the requirements of the Rules in a given case for "good cause." *See* Tenn. R. App. P. 2; Tenn. R. Ct. App. 1(b). However, we find no such cause in the present case. In order for us to conduct a meaningful review in this case we would have to construct the argument for Husband, choosing the correct standard of review and citing relevant authority. We have addressed this issue in *Murray v. Miracle*, 457 S.W.3d 399 (Tenn. Ct. App. 2014) stating,

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

*Id.* at 402.

Additionally, Rule 6 of the Tennessee Rules of the Court of Appeals requires an appellate brief to contain a written argument in regard to each issue on appeal, with a statement of the alleged erroneous action of the trial court, as well as a specific reference to the record where such action is recorded. The Rule further provides:

> No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Husband's brief contains no such citations. Therefore, he has also failed to comply with this Rule.

The Tennessee Supreme Court has held "that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928)). Based upon Husband's substantial non-compliance with the Tennessee Rules of Appellate Procedure and the Rules of this Court we deem all

10

issues to be waived, except for Husband's assertion that one parcel of property awarded to him was incorrectly identified on the trial's court's property division sheet.

Husband and Wife agreed at oral argument that Husband was awarded a duplex located on "Airways Blvd" and the house number was incorrectly identified on the trial court's property division sheet attached to the order of absolute divorce.[5]   Based upon the concession of both parties, we remand this case to the trial court for the limited purpose of correcting the record to accurately identify the property located on "Airways Blvd."

Lastly, Wife requested at oral argument and within the conclusion section of her brief that she be awarded her attorney's fees incurred on appeal. Wife did not identify a request for attorney's fees incurred on appeal as a distinct issue in her brief.

"Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001).

Exercising our discretion, we decline to award Wife her attorney's fees incurred on appeal.  We consider this issue to be waived because it was not separately raised in the statement of the issues section of her brief. *See Rigsby v. Rigsby*, No. E2014-02095-COA-R3-CV, 2015 WL 7575075, at *7 (Tenn. Ct. App. Nov. 25, 2015) ("Because Mother did not raise the issue of attorney's fees on appeal in her statement of the issues, we determine this issue to be waived.")

## IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is affirmed and remanded.  Costs of this appeal are taxed to the appellant, Frank Edward Polk, for which execution may issue if necessary.

_____
CARMA D. McGEE, JUDGE

---

[5] The property division sheet attached to the order of absolute divorce entered on October 15, 2018, identifies the property as "245/246 Airways Blvd." The remainder of the record identifies the property as "244/246 Airways Blvd."