IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 24, 2009 Session

## AUDREY PRYOR v. RIVERGATE MEADOWS APARTMENT ASSOCIATES LIMITED PARTNERSHIP

Direct Appeal from the  Circuit Court for Davidson County
No. 07C-251     Barbara Haynes, Judge

No. M2008-02586-COA-R3-CV - Filed May 1, 2009

When Defendant failed to respond to Plaintiff's complaint and discovery requests, the trial court entered a default judgment in favor of Plaintiff on the issue of Defendant's liability.  The trial court set a hearing to determine Plaintiff's damages, and both Plaintiff and Defendant litigated the issue. After the trial court determined the amount of damages, Defendant asked, for the third time, the trial court to set aside the default judgment and schedule a trial on the merits.  The trial court denied Defendant's motion, and Defendant appeals.  Because Defendant failed to demonstrate a meritorious defense in its motion to set aside the default judgment, we affirm the ruling of the trial court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Daniel W. Olivas, Nashville, TN for the Appellant, Rivergate Meadows Apartments Associates Limited Partnership

Stanley A. Davis, Nashville, TN for the Appellee, Audrey Pryor

**OPINION**

Background

Plaintiff/Appellee Audrey Pryor initiated this action in Davidson County Circuit Court on August 31, 2007.  Ms. Pryor alleged that she was injured after slipping in water left on the kitchen floor of her apartment.  Defendant/Appellant Rivergate Meadows Apartment Associates Limited Partnership ("Rivergate") owns and manages the apartment complex in which Ms. Pryor resides.

Ms. Pryor's complaint alleged that a Rivergate employee, who had entered Ms. Pryor's apartment to repair a refrigerator, failed to clean up a pool of water on the kitchen floor.

Rivergate is a foreign entity with its home offices in Pennsylvania. Corporation Service Company ("CSC") is Rivergate's registered agent for service of process. On September 12, 2007, Kevin Williams, the process server, delivered the Return on Summons indicating that CSC had been properly served with Ms. Pryor's complaint and discovery requests. Rivergate did not respond, and on December 20, 2007, Ms. Pryor filed a motion asking the trial court to enter a default judgment against Rivergate. In the same motion, Ms. Pryor asked the trial court to set a hearing on damages. This motion included a certificate of service indicating that a copy of the motion had been forwarded to CSC. Again, Rivergate did not respond, and on February 21, 2008, the trial court granted Ms. Pryor's motion for default judgment and set a hearing on damages.

On March 19, 2008, Rivergate made its first appearance and filed a motion for relief from the default judgment. Attached to the motion were the affidavits of Paul Matthews, a representative of CSC, and Helen Angelo, Rivergate's vice president. Mr. Matthews stated that CSC had not received any of Ms. Pryor's filings, including the complaint, until March 3, 2008, when it received the Order Setting Hearing on Damages. Ms. Angelo also asserted that Rivergate had not received notice of Ms. Pryor's action. Rivergate sought relief from the default judgment under Tennessee Rule of Civil Procedure 60.02. Rivergate argued that relief was warranted due to mistake, surprise, or excusable neglect, indicating that it was relying on subpart (1) of Rule 60.02. Rivergate asserted that it did not willfully ignore the lawsuit and that it had "numerous meritorious defenses" to Ms. Pryor's action. After a hearing on the issue, the trial court entered an order denying Rivergate's motion to set aside the default judgment on April 14, 2008.

With the issue of Rivergate's liability settled, the trial court held a hearing on Ms. Pryor's damages. On August 13, 2008, the trial court entered an order awarding Ms. Pryor $102,320.55 in compensatory damages. Rivergate, on September 11, 2008, filed a motion for a new trial on the merits as to all issues, a motion to alter or amend, and a motion for relief from the default judgment. Rivergate attached to the motion the affidavit of Darrel Danforth, the Service Director at Rivergate Meadows Apartments. Mr. Danforth was the employee who had performed maintenance in Ms. Pryor's kitchen. In his affidavit, he stated that he had not left water on the kitchen floor–the alleged cause of Ms. Pryor's accident. Rivergate's argument again indicated (although not explicitly) that it sought relief from the default judgment under Tenn. R. Civ. P. 60.02(1).

After another hearing, the trial court entered an order on October 10, 2008, denying Rivergate's motion on all grounds. Rivergate filed a timely notice of appeal and raises one issue, as stated in its brief, for review:

> I. Whether the trial court abused its discretion and applied the incorrect legal standard to Rivergate's motion to set aside default when it failed to find that: 1) Rivergate or CSC was willful in the default; 2) Rivergate's defenses lacked merit; 3) Ms. Pryor would suffer prejudice if the default were set aside.

Law and Analysis

The stated issue asks this Court to review the trial court's order denying its motion to set aside the default judgment under Tenn. R. Civ. P. 60.02. Rivergate's motion was filed within thirty days of the entry of judgment, and it should be deemed a motion to alter or amend the judgment under Tenn. R. Civ. P. 59.04. *Henson v. Diehl Machines, Inc.*, 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984) (citing *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977)). Like Rule 60.02(1), Rule 59 can provide relief from a judgment due to mistake, inadvertence, surprise, or excusable neglect. *Henson*, 674 S.W.2d at 310. Whether brought under Rule 59 or Rule 60, the standard for reviewing the motion is the same because of Rule 55.02. *Estate of Vanleer v. Harakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *4 n.5 (Tenn. Ct. App. Dec. 5, 2002)

Tenn. R. Civ. P. 55.02 provides that a default judgment may be set aside as provided in Tenn. R. Civ. P. 60.02. Rule 60.02 provides relief from final judgments as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken

Tenn. R. Civ. P. 60.02. Rivergate's motion to set aside the default judgment mentions Rule 60.02 but does not specify the subpart of the Rule on which it relies. Rivergate's brief, along with counsel's statements at oral argument, make it clear that Rivergate seeks relief under Rule 60.02(1).

The decision to set aside a default judgment under Rule 60.02(1) is within the discretion of the trial court, and we review the trial court's decision under an abuse of discretion standard. *Henry*, 104 S.W.3d at 479. Under this standard, an appellate court is not permitted to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). We will set aside the trial court's ruling only when the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Henry*, 104 S.W.3d at 479 (quoting *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002)). Despite this strict standard of review, Rule 60.02 motions should be viewed liberally when the movant seeks relief from a default judgment. *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). Therefore, "the court should grant the application whenever there is reasonable doubt as to whether the default judgment should be set aside." *Tenn. State Bank v. Lay*, 609 S.W.2d 525,

527 (Tenn. Ct. App. 1980) (citing *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973)

The party seeking relief under Rule 60.02(1) has the burden to "offer proof of the basis on which relief is sought." *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003). To meet this burden, the movant must "set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Lay*, 609 S.W.2d at 527. Three factors must be considered when determining if a default judgment should be vacated under Rule 60.02(1): "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (citing *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). Again, the trial court "is in the best position to assess the various factors that should be considered in determining whether a default judgment should be vacated." *Barbee*, 689 S.W.2d at 867.

These factors–willfulness, meritorious defense, and prejudice–have not replaced the Rule 60.02(1) reasons of mistake, inadvertence, surprise or excusable neglect. *Bowers v. Gutterguard of Tenn., Inc.*, No. M2002-02877-COA-R3-CV, 2003 WL 229944302, at *7 (Tenn. Ct. App. Dec. 17, 2003). Specifically, Tennessee courts have wrestled with the apparent incompatibility of "excusable neglect" and "willfulness." A recent Tennessee decision explained the relationship as follows: "[t]his approach has been to find that negligence, a form of neglect, may be excusable and to employ wilfulness as a critical factor in distinguishing neglect that is excusable from that which is not." *World Relief Corp. of Nat'l Ass'n of Evangelicals v. Messay*, No. M2005-01533-COA-R3-CV, 2007 WL 2198199, at *7 n. 9 (Tenn. Ct. App. July 26, 2007).

As a general rule, Tennessee courts have found that "failure of notice of a critical step in a lawsuit can constitute justification for excusable neglect" under Tenn. R. Civ. P. 60.02(1). *Estate of Vanleer v. Harakas*, No. M200100687COAR3CV, 2002 WL 32332191, at *6 (Tenn. Ct. App. Dec. 5, 2002). In *Lay*, the Court found excusable neglect when it "could be reasonably concluded that defendant was not informed of the chancery court proceeding until after judgment was rendered and that she thereafter acted diligently in attempting to protect her rights." Lay, 609 S.W.2d at 527. In *Keck*, the moving party presented an affidavit stating that "the summons and complaint were mailed to the national office and due to mistake or inadvertence, the documents were apparently lost." *Keck*, 499 S.W.2d at 267. Finding an abuse of discretion, the Court held that this mistake was excusable and remanded for a trial on the merits. *Id*. at 268.

In the present case, Rivergate concedes that Ms. Pryor's pleadings include certificates of service indicating that CSC, Rivergate's agent, had been served. Rivergate does not challenge the adequacy of service, but instead, contends that it was not aware of Ms. Pryor's actions. Rivergate argues that the negligence, whether on the part of CSC or Rivergate, was therefore excusable. Finally, Rivergate asserts that its neglect is excusable because it took action shortly after learning that Ms. Pryor had obtained a judgment on the issue of Rivergate's liability. As the trial court apparently found, Rivergate's assertions on this point are somewhat dubious. However, we do not

decide whether this conduct amounted to "excusable neglect" because Rivergate failed to demonstrate a meritorious defense.

The Tennessee Supreme Court has found that excusable neglect is insufficient to set aside a default judgment; the movant must also demonstrate a meritorious defense to the plaintiff's claim.[1] ***Patterson v. Rockwell Int'l***, 665 S.W.2d 96, 100 (Tenn. 1984). A conclusory statement, such as "[the movant] believes itself to have a good and valid defense," is insufficient. Id. at 101. *See also*, ***Turner v. Turner***, 739 S.W.2d 779, 781 (Tenn. Ct. App. 1986) (finding that an affidavit, which stated "[m]y wife has taken a considerable amount of our property which I feel the court would have awarded to me if I could have been present at the hearing," did not assert a meritorious defense).

Rivergate concedes that it did not explicitly assert a meritorious defense in its initial motion for relief from the default judgment. Furthermore, Rivergate did not assert a defense during the six month discovery period, and it failed to assert a defense in its oral motion for relief after the hearing on damages. Rivergate first articulated its defense, in Mr. Danforth's affidavit, only after the trial court entered its final order on August 13, 2008. The trial court did not make a specific finding on Rivergate's new claim. In its statements at the hearing, however, the court appeared reluctant or unwilling to consider new evidence supporting a motion which it had denied on two previous occasions. The trial court stated, at the end of the hearing, "[h]aving heard this three times, I'm going to deny the motion."

On appeal, Rivergate contends that Rule 60.02 does not prohibit a party from using new evidence as the basis for an additional motion to set aside a default judgment. Rivergate's general assertion is correct, but a movant, under either Rule 59 or Rule 60.02, must show that "the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence." ***Seay v. City of Knoxville***, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983); *see also*, ***S.M.R. Enters., Inc. v. S. Haircutter's Inc.***, 662 S.W.2d 944, 950 (Tenn. Ct. App. 1983). Rivergate did not present any evidence showing that it exercised such diligence, and the trial court acted within its discretion in disregarding Mr. Danforth's affidavit. Accordingly, Rivergate's attempt to demonstrate a meritorious defense rests on the conclusory assertions set forth in its initial motion to set aside the judgment. As recognized in ***Patterson***, such conclusory statements are insufficient.

Because Rivergate failed to demonstrate a timely meritorious defense, we find that the trial court did not abuse its discretion when it denied the motion for relief from default judgment. The judgment of the trial court is therefore affirmed. Costs are assessed to the Appellant.

---

[1]This requirement does not apply where the judgment is void. ***Patterson***, 665 S.W.2d at 100. Rivergate, however, has not alleged that this judgment is void.

_____
J. STEVEN STAFFORD, J.