FILED

05/17/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2017

## WAYNE A. HOWES, ET AL. v. MARK SWANNER, ET AL.

Appeal from the Circuit Court for Montgomery County
No. MC-CC-CV-DD-11-2599      Ross H. Hicks, Judge

_____

### No. M2016-01892-COA-R3-CV

_____

Homeowners filed suit for breach of contract and fraud and/or negligent representation against the owners of a restoration business who performed repairs on their house after a fire. When the defendants failed to respond to or appear at the hearing on the plaintiffs' motion for summary judgment, the trial court granted summary judgment for the plaintiffs. The defendants then filed a Tenn. R. Civ. P. 60 motion and affidavits stating that they did not receive notice of the hearing on the motion for summary judgment. The trial court held a hearing on the Rule 60 motion and denied the motion. Because there is no transcript or statement of the evidence regarding the hearing on the summary judgment motion or on the Rule 60 motion, we must accept the trial court's findings of fact. We find no abuse of discretion in the trial court's denial of the plaintiffs' Rule 60 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Jacob P. Mathis, Clarksville, Tennessee, for the appellants, Mark Swanner and Robin Swanner.

Gregory D. Smith, Clarksville, Tennessee, for the appellees, Wayne A. Howes and Starlene K. Howes.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Wayne and Starlene Howes ("Homeowners") own a home located on Broadripple Drive in Clarksville, Tennessee. In January 2011, Homeowners' home sustained

substantial damage in a fire, and their insurer, State Farm Insurance Company ("State Farm"), acknowledged that they had a valid claim under their fire insurance policy. Upon the recommendation of their State Farm agent, Homeowners contracted with Mark and Robin Swanner, owners and operators of Ultra Clean Restoration (also known as Ultra Clean Carpet Cleaning) ("Ultra Clean"), to do clean-up, repairs, and restoration work on their home.

On October 31, 2011, Homeowners filed this action against Ultra Clean, State Farm, and their State Farm agent.[1]  The complaint alleges, in pertinent part, as follows:

> On or about January 18, 2011, Defendant, Mark Swanner, came to 1765 Broadripple Drive, Clarksville, Tennessee and requested that Plaintiff . . . personally obtain the building permit to begin work on 1765 Broadripple Drive, Clarksville, Tennessee. . . .
>
> Unusual business practices by Defendant Mark Swanner caused Plaintiffs to have concern regarding Defendant, Mark Swanner and his company, Ultra Clean Restoration . . . .  Upon investigation, the quality of work being done by the Defendants, Mark and Robin Swanner, also came into question. Around May 11, 2011, these concerns were voiced to Defendant, Steve R. Ray [the State Farm agent].
>
> Investigation revealed that neither Defendant, Mark Swanner nor Defendant, Robin Swanner had a contractor's license as is required for jobs of over $25,000.00 by Tenn. Code Ann. § 62-6-103.  Defendant, Mark Swanner, was paid approximately $87,500.00 regarding 1765 Broadripple Drive, Clarksville, Tennessee and some of the checks paid were in excess of $25,000.00 prior to this fact coming to light with Plaintiffs.
> . . . .
> Due to concerns over poor workmanship, work ethic and the failure to disclose the lack of contractor's license, Plaintiffs sought to dismiss Defendants Mark Swanner and Robin Swanner from further work on 1765 Broadripple Drive, Clarksville, Tennessee on the basis of both breach of contract and fraud or misrepresentation.  Defendant, Steve R. Ray . . . insisted that the Defendants, the Swanners, should continue working on 1765 Broadripple Drive, Clarksville, Tennessee.
>
> Defendant, State Farm, would not issue new checks to allow another contractor, one who had a license, to finish repairs on 1765 Broadripple Drive, Clarksville, Tennessee.  As a result, Plaintiffs sought reimbursement from both Defendants, the Swanners, and from Defendant, State Farm, to

---

[1] State Farm and Homeowners' State Farm agent, Steve R. Ray, are not involved in this appeal.

either refund costs paid or to get an independent licensed home inspector to examine and approve work already done by the Swanners. These options were declined and therefore, Plaintiffs filed the pending suit.

The Homeowners alleged causes of action against the Swanners for breach of contract and for fraud and/or negligent misrepresentation.

The Swanners filed a pro se response to the complaint detailing their own version of the facts. The response states, in pertinent part, as follows:

After the Demo work had been done and prior to the rebuild, defendant Mark Swanner told the Plaintiff, Wayne Howes that he was a certified restoration contractor, not a General Contractor and could not exceed $25,000 in rebuilding repairs without a license. The Defendant told the Plaintiff that he could become his own contractor and pull the building permits himself or he could get someone else to do the remaining rebuild. The Plaintiff, Wayne Howes stated that he wanted the defendant Mark Swanner to do the rebuild. At no time whatsoever, did the Defendant Mark Swanner mislead the Plaintiff, Wayne Howes regarding the contractor's license. . . . The Plaintiff, Wayne Howes, was well aware of the fact that the Defendant was not a General Contractor. The fact is that the Plaintiff, Wayne Howes, became his own contractor when he pulled the permits himself.

. . . On a daily basis, the Plaintiff, Wayne Howes came to the property and requested changes and upgrades be made by the Defendants and changes and upgrades were done on a daily basis. At no time whatsoever during these daily visits did the Plaintiff, Wayne Howes make any complaints about workmanship.

According to the Swanners, a dispute arose between the parties because Homeowners wanted to see all of the Swanners' invoices to State Farm and "wanted to know how much profit was made on each invoice." The Swanners refused to provide this information "because they were using the insurance adjuster['s] estimate to do the job, as was normal, and the overhead and profit had been built into the estimate." At a meeting regarding the invoices, the parties also discussed upgrades and changes to the property. The Swanners alleged that Homeowners refused "to pay anything out of pocket for those significant changes and upgrades and stated they should be paid for by the Defendant[s'] overhead and profit." The Swanners allegedly informed Homeowners that Homeowners were in breach of the contract and refused to continue work on the project until payment for the upgrades and changes was resolved. In September 2011, the State Farm agent met with Mr. Swanner and stated that Homeowners wanted to know if he would consider finishing the work on their home. Because, according to their response, working with

Homeowners "had been a nightmare and they had breached the contract," Mr. Swanner declined their request. The Swanners' response further states: "At no time during this whole ordeal was there ever any mention of poor workmanship."

On March 9, 2015, Homeowners filed a motion for summary judgment and statement of undisputed material facts supported by an affidavit from Russell Hamilton, a general contractor.[2] The motion included a notice of hearing for May 4, 2015. The motion was heard on that day, but the Swanners did not appear at the hearing. In its order, entered on May 6, 2015, the trial court made the following pertinent findings of fact:

> Defendants did not respond to the motion for summary judgment, did not respond to the Tenn. R. Civ. P. 56.03 Statement of Undisputed Material Facts, nor did Defendants present counter-affidavits to Plaintiffs' expert affidavit;

> As noted on the front page of the Plaintiffs' Motion for Summary Judgment filed on March 9, 2015, this matter was set for hearing on May 4, 2015, (56 days between the motion being filed and the hearing on said motion);

> . . . Defendants did not appear for the hearing on Plaintiffs' motion for summary judgment.

> Plaintiffs' expert found damages caused by Defendants and against Plaintiffs in the amount of $53,296.00 in his expert opinion as set out by an affidavit filed on March 9, 2015.

The court granted summary judgment in favor of Homeowners and ordered that a judgment in the amount of $53,296.00 be entered in their favor against the Swanners.

The Swanners, through a newly retained attorney, filed a motion pursuant to Tenn. R. Civ. P. 60 for relief from the judgment entered by the court on May 6, 2015. They argued that they did not receive notice of the hearing held on May 4, 2015. Each of the Swanners submitted an affidavit stating, in pertinent part, that they "did not receive notice of the hearing in this matter, which was held on May 4, 2015." The Swanners'

---

[2] In his affidavit, Mr. Hamilton gave estimates regarding how much it would cost to complete the work on Homeowners' house. He further gave his professional opinion regarding applicable breaches of a Tennessee contractor's duty of care and/or loyalty to the client. Mr. Hamilton stated that he had personally inspected Homeowners' home and opined that "much of the work performed . . . would not pass codes and was not adequately completed . . . ." Mr. Hamilton further discussed omissions and deficiencies in the contract between the parties. In Mr. Hamilton's opinion, the total amount of damages was $53,296.

Rule 60 motion was heard on June 15, 2015 and, on June 30, 2015, the court entered an order denying the motion.

The Swanners filed a notice of appeal of the trial court's June 30, 2015 order, and this Court dismissed the appeal for lack of jurisdiction because the order appealed was not a final judgment. *Howes v. Swanner*, No. M2015-01389-COA-R3-CV, 2016 WL 659199 (Tenn. Ct. App. Feb. 17, 2016). On September 1, 2016, the trial court entered a final order incorporating its 2014 consent order dismissing with prejudice State Farm and the State Farm agent, its May 21, 2015 order granting Homeowners' motion for summary judgment, and its June 30, 2015 order denying the Swanners' Rule 60 motion. The Swanners appeal from the September 1, 2016 final order denying their Rule 60 motion.

STANDARD OF REVIEW

We review a trial court's decision on a Rule 60 motion under an abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). It is well-established that, "'A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Caldwell v. Hill*, 250 S.W.3d 865, 869 (Tenn. Ct. App. 2007) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). The abuse of discretion standard does not permit an appellate court to substitute its judgment for that of the trial court. *Id.* Thus, under this standard, we give great deference to the trial court's decision. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

The trial court's findings of fact are presumed to be correct and will not be overturned unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). We review conclusions of law de novo with no presumption of correctness. *Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

ANALYSIS

The Swanners assert that the trial court should have granted them relief from the judgment pursuant to Tenn. R. Civ. P. 60.02(1), for "mistake, inadvertence, surprise or excusable neglect." They focus their arguments on the last ground, excusable neglect.

A party seeking relief from a final judgment bears the burden of proof to show their entitlement to such relief. *Henry*, 104 S.W.3d at 482. In *Fillers v. Collins*, No. E2013-01210-COA-R3-CV, 2014 WL 631239 (Tenn. Ct. App. Feb. 18, 2014), a case similar to the present case, the trial court granted summary judgment in favor of the plaintiffs because the defendants "failed to appear at the hearing date and still had yet to respond to the motion for summary judgment and attached statement of material facts." *Fillers*, 2014 WL 631239, at *1. One of the defendants filed a motion to set aside the

judgment asserting that her attorney "inadvertently failed" to respond to the motion and attend the hearing due to personal circumstances constituting "mistake, inadvertence, or excusable neglect" pursuant to Tenn. R. Civ. P. 60.02(1). *Id.* at *1, *3. The trial court granted in part and denied in part the defendant's motion to set aside the judgment. *Id.* at *2. In affirming the decision of the trial court, the appellate court applied the following reasoning:

> "[W]e find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1)" because of the similarity between default judgments and the grant of a motion for summary judgment for failure to respond. *Henry*, 104 S.W.3d at 481. "When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits." *Id.* (analogizing a default judgment with a dismissal for failure to prosecute). Similarly, when an adverse party fails to respond to a motion for summary judgment, the motion may be granted without a hearing and without the benefit of opposing affidavits. TENN. R. CIV. PRO. 56.06. The factors at issue include: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the nondefaulting party would be prejudiced if relief were granted.["] *Id.* (citing *Tennessee Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985)).

*Fillers*, 2014 WL 631239, at *3.

Thus, based on *Fillers*, to determine whether a party who fails to respond to a motion for summary judgment and appear at the hearing is entitled to Rule 60.02(1) relief, we apply the same factors used with respect to setting aside default judgments under Rule 60.02(1). Our Supreme Court has stated that "'[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits.'" *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (quoting 11 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2857 (1973)); *see also World Relief Corp. of Nat'l Ass'n of Evangelicals v. Messay*, No. M2005-01533-COA-R3-CV, 2007 WL 2198199, at *5 (Tenn. Ct. App. July 26, 2007). Thus, "a motion to vacate a default judgment should be granted whenever 'there is a reasonable doubt as to the justness of dismissing the case before it can be heard on its merits.'" *World Relief*, 2007 WL 2198199, at *5 (quoting *Henry*, 104 S.W.3d at 481).

Before we begin examining the relevant factors, it is important to note that the record on appeal does not contain a transcript or a statement of the evidence of any of the hearings below, including the hearing at which summary judgment was granted and the hearing denying Rule 60 relief. Under Tenn. R. App. P. 24, it is the duty of the appellant "to prepare the record which conveys a fair, accurate, and complete account of what

transpired in the trial court regarding the issues which form the basis of the appeal." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *see also* TENN. R. APP. P. 24(b), (c). Thus, it is the appellant's responsibility to provide the court with a transcript or a statement of the evidence "from which we can determine whether the evidence preponderates for or against the findings of the trial court." *Id.* at 894-95. If there is no transcript or statement of the evidence, "we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *Id.* at 895. Because the Swanners did not include a transcript or statement of the evidence in the record, we must presume that the trial court's findings of fact are correct.

Our Supreme Court has held that, in applying the three-factor Rule 60 analysis regarding "excusable neglect" adopted by the court in *Henry v. Goins* (and quoted above from Fillers), the threshold determination is whether the defaulting party acted willfully. *Discover Bank*, 363 S.W.3d at 493-94. If the defaulting party's actions were willful, the judgment cannot be set aside on grounds of excusable neglect. *Id.* at 494. If the actions were not willful, the court must consider the remaining two factors. *Id.* In the present case, the Swanners argue that their actions in failing to respond to the motion and appear at the hearing were not willful because they did not receive notice of the hearing.

In the context of Rule 60, willful conduct refers to "'strategic decision[s] to default,'" "'conduct that is more than merely negligent or careless,'" and "conduct that is "'egregious and not satisfactorily explained.'" *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). Since 2003, when the Supreme Court adopted the three-factor test in *Henry v. Goins*, 104 S.W.3d at 481, "Tennessee courts have wrestled with the apparent incompatibility of 'excusable neglect' and 'willfulness.'" *Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, 338 S.W.3d 882, 886 (Tenn. Ct. App. 2009). One decision offered the following explanation: "This approach [under the *Henry* factors] has been to find that negligence, a form of neglect, may be excusable and to employ willfulness as a critical factor in distinguishing neglect that is excusable from that which is not." *World Relief*, 2007 WL 2198199, at *7 n.9 (citing *Am. Alliance Ins.*, 92 F.3d at 59-62).

Homeowners' motion for summary judgment includes a notice of hearing at the bottom of the one-page motion along with a certificate of service executed by their counsel stating that the motion was mailed to the defendants at 575 Forest Retreat Road, Hendersonville, Tennessee.[3] Under Tennessee law, "[a] certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent." *McBride*, 2007 WL 2790681, at *3. This presumption may, however, be rebutted by

---

[3] In their affidavit in support of their Rule 60 motion, the Swanners state that this is their correct address.

proof that the document was not, in fact, received. *Estate of Vanleer v. Harakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *8 (Tenn. Ct. App. Dec. 5, 2002). Each of the Swanners submitted an affidavit stating that he or she did not receive "notice of the hearing." The Swanners argue that these affidavits rebut the presumption that they received notice. They further assert that their lack of notice of the hearing "and their immediate actions taken to protect their rights subsequent to learning of the granting of Summary Judgment for the first time demonstrate that their failure to appear was not willful."

While we acknowledge that the Swanners' affidavits are evidence concerning service of process, the Swanners ignore the findings of the trial court from the hearing on their Rule 60 motion. In its order denying Rule 60 relief, the trial court made the following pertinent findings:

> Counsel for Plaintiff pointed out to newly hired counsel for Defendants that the motion for summary judgment had the notice of hearing on the bottom of the one (1) page motion in bold setting a hearing date for said motion on May 4, 2015.

> At the hearing on the Tenn. R. Civ. P. 60 [motion], counsel for Plaintiffs pointed out the very carefully crafted wording of the Rule 60 motion and affidavits which said Defendants did not receive a notice [of] hearing, but did not state that Defendants failed to receive the motion for summary judgment. Counsel for Plaintiffs asked that Defendants be placed under oath to answer whether they received the motion for summary judgment.

> Defendant, Mark Swanner, was present and testified. Defendant, Robin Swanner was not in court on June 15, 2015. Mr. Swanner acknowledged receiving the statement of undisputed facts which contains a certificate of service for the same date as the motion for summary judgment, which was filed on March 9, 2015.

The motion for summary judgment states that it was accompanied by the statement of undisputed material facts and a memorandum of law. The motion, statement of undisputed facts, and memorandum have the same certificate of service date. Based upon the trial court's findings of fact and its denial of the Swanners' Rule 60 motion, it appears that the trial court found the Swanners' testimony (by affidavit and at the hearing) that they failed to receive notice of the hearing not to be credible. A trial court's assessment of credibility is entitled to great weight on appeal because the trial court "observed the manner and demeanor of the witnesses and was in the best position to evaluate their credibility." *Union Planters Nat'l Bank v. Island Mgmt. Auth., Inc.*, 43 S.W.3d 498, 502 (Tenn. Ct. App. 2000).

The trial court implicitly found that the Swanners received the notice of the hearing. The burden of proof was on the Swanners to introduce evidence as to why their actions were not willful. *See H.G. Hill Realty Co., LLC v. Re/Max Carriage House, Inc.*, 428 S.W.3d 23, 37-38 (Tenn. Ct. App. 2013) (holding that there was no basis for concluding the appellant's actions were not willful because he failed to show they were not willful). In *Brown v. Juarez*, No. E2013-00979-COA-R3-CV, 2014 WL 1408147 (Tenn. Ct. App. Apr. 10, 2014), a case similar to the case at hand, plaintiffs filed a Rule 60.02 motion to set aside an order dismissing their case, and their attorney admitted that he had received the motion to dismiss but "that he simply overlooked the notice of hearing." *Brown*, 2014 WL 1408147, at \*1. The trial court denied the motion. *Id.* On appeal, the court reasoned as follows:

> While counsel was negligent in failing to appear or respond to the motion, his behavior cannot be characterized as a willful decision to ignore the motion and allow an order of dismissal to be entered against Plaintiffs. *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at \*3 (Tenn. Ct. App. Sept. 25, 2007) (providing that willfulness includes a strategic decision and conduct that is more than mere negligence or carelessness but is egregious and not satisfactorily explained). However, *his neglect was not excusable because he would have noticed the hearing date if he had simply read the motion in its entirety.* Knowing that Defendants sought an order of dismissal against Plaintiffs, he also failed to even respond to the motion within a reasonable amount of time. With these considerations in mind, we conclude that Plaintiffs failed to carry their burden of proving entitlement to relief under Rule 60.02 of the Tennessee Rules of Civil Procedure.

*Id.* at \*4 (emphasis added). Applying this reasoning to the present case, we conclude that the Swanners' failure to respond to the motion for summary judgment and to appear at the hearing was not willful but also was not excusable neglect in that, had they read the motion for summary judgment, they would have been aware of the hearing. In light of this conclusion, the trial court did not abuse its discretion in denying their motion for Rule 60 relief.

Our analysis under factor one alone is sufficient to affirm the trial court's decision. *See Brown*, 2014 WL 1408147, at \*4; *H.G. Hill*, 428 S.W.3d at 37-38 (holding that, when a defaulting party did not dispute certificates of service and failed to meet his "burden to show that his failure to answer was not willful," the trial court did not err in denying Rule 60 relief). We further note, however, that the Swanners did not address the other two factors, meritorious defense and prejudice, in their Rule 60 motion. When making a motion under Rule 60.02, "[t]he burden is upon the movant to set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." *Tenn. State Bank v. Lay*, 609

S.W.2d 525, 527 (Tenn. Ct. App. 1980) (citing *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn.1978)). In support of their motion for summary judgment, Homeowners submitted the affidavit of an expert to establish liability and damages. The Swanners submitted no evidence with their Rule 60.02 motion to show a meritorious defense to Homeowners' claims or the absence of prejudice.

We have previously stated that "the trial court is in the best position to assess the various factors that should be considered in determining whether a default judgment should be vacated." *Barbee*, 689 S.W.2d at 867. This same reasoning applies to a motion for summary judgment where the defendants fail to respond or appear at the hearing. *See Fillers*, 2014 WL 631239, at *3. We conclude that the trial court did not abuse its discretion in denying the Swanners' motion for Rule 60 relief.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants. Execution may issue if necessary

_____
ANDY D. BENNETT, JUDGE