IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2019

## KONDAUR CAPITAL CORPORATION v. KEITH T. FINLEY

**Appeal from the Circuit Court for Shelby County**
**No. CT-004976-13     Gina C. Higgins, Judge**

_____

### No. W2019-00143-COA-R3-CV

_____

The mortgage holder on property in Cordova, Tennessee initiated foreclosure proceedings against the mortgagor in general sessions court and obtained a judgment. The mortgagor appealed to circuit court, the mortgage holder moved for summary judgment, and the circuit court ultimately granted summary judgment in favor of the mortgage holder. The circuit court denied the mortgagor's motion for relief pursuant to Tenn. R. Civ. P. 60.02, and this Court dismissed the mortgagor's appeal.

In the case at issue in the present appeal, the mortgagor filed another motion for relief pursuant to Tenn. R. Civ. P. 60.02 in the circuit court, and the circuit court again denied the motion. We conclude that the mortgagor has failed to comply with the Tennessee Rules of Appellate Procedure and has waived all issues stated in his brief. Consequently, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and CARMA DENNIS MCGEE, JJ., joined.

Keith T. Finley, Memphis, Tennessee, pro se.

Nicholas Henry Adler, Brentwood, Tennessee, for the appellee, Kondaur Capital Corporation.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Keith T. Finley and Emma Craig owned real property located on Cross Ridge Road in Cordova, Tennessee. Kondaur Capital Corporation ("Kondaur") filed a detainer

warrant in the general sessions court against Mr. Finley and Ms. Craig in September 2013, and the court granted Kondaur a writ of possession on November 4, 2013. Mr. Finley appealed the decision of the general sessions court to the circuit court.[1]

Kondaur filed a motion for summary judgment in the trial court on December 9, 2013. On February 11, 2014, the trial court entered an order granting the plaintiff's motion for summary judgment and awarding Kondaur possession of the property. The court noted that the defendants "were not present at the hearing," but found that they "were properly noticed" and had filed a response. Mr. Finley filed a document he denominated a motion to set aside the judgment or a motion under Tenn. R. Civ. P. 60 on February 26, 2014, in which he argued that he did not receive fair notice of the hearing on the motion for summary judgment. On April 7, 2014, the trial court entered an order setting aside the judgment and resetting the motion for summary judgment for a hearing on the merits. Kondaur's motion for summary judgment was reheard on June 27, 2014. In an order entered on July 17, 2014, the trial court denied the motion without prejudice and encouraged the parties to "continue discovery efforts to ascertain the origin of the Note that was introduced by Defendant." Kondaur filed a motion for reconsideration and to alter or amend the judgment on July 30, 2014.

On August 29, 2014, the trial court entered an order granting summary judgment in favor of Kondaur. Mr. Finley's counsel was not present at the August 22, 2014 hearing. The court found that the defendants "were properly noticed of the Motion and hearing date as shown by the certificate of service attached to the Motion." The court further found that "[t]he Plaintiff's Motion for Summary Judgment is well taken and Plaintiff is entitled to judgment as a matter of law." The trial court set aside and vacated its previous order as to paragraph one (in which the court denied the motion for summary judgment), granted the plaintiff's motion for summary judgment and awarded Kondaur possession of the property.

The trial court denied Mr. Finley's motion to alter or amend the judgment in an order entered on December 5, 2014. Kondaur filed a motion to amend the judgment on February 3, 2015, to add omitted language, and the trial court entered an order on February 6, 2015, amending the judgment.[2] Kondaur subsequently executed on the writ of possession.

On October 9, 2015, Mr. Finley filed a motion under Tenn. R. Civ. P. 60.02 requesting that the trial court set aside the August 29, 2014 order granting summary

---

[1] Because this appeal concerns Mr. Finley only, the subsequent recitation of the facts shall not reference Ms. Craig.

[2] The February 6, 2014 order added language providing that Kondaur be restored to possession of the property and requiring the court clerk to issue a writ of possession.

judgment and grant relief from the writ of possession. In a December 30, 2016 order, the trial court denied Mr. Finley's motion.[3] Mr. Finley appealed the trial court's decision to this Court and, on October 31, 2017, this Court entered an order dismissing the appeal for failure to comply with Rule 24 of the Tennessee Rules of Appellate Procedure.

On October 16, 2018, Mr. Finley filed a document in the trial court entitled "Defendants' Motion to Vacate Void Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)." In this motion, Mr. Finley asserted that the trial court's judgment dated August 29, 2014, should be vacated for lack of subject matter jurisdiction. He argued that he was never properly served with notice of the hearing. The trial court heard this motion on December 14, 2018; in an order entered on January 7, 2019, the court denied Mr. Finley's motion. The trial court found as follows:

> [T]he issues raised in the present Motion have already been litigated by the parties and ruled upon by this Court by Order entered December 30, 2016. Therefore the issues are *res judicata* and the Defendant's Motion is DENIED.

In this appeal, Mr. Finley raises several issues, which we restate as follows:

> 1. Whether the trial court's decision violated Mr. Finley's due process rights to notice and an opportunity to be heard.
> 2. Whether the trial court erred in denying Mr. Finley's motion to vacate the judgment under Tenn. R. Civ. P. 60.

In addition to arguing that the trial court acted within its discretion, Kondaur asserts that the appeal is moot because Mr. Finley has been evicted and the underlying property sold to a third party.

STANDARD OF REVIEW

Appellate courts apply an abuse of discretion standard of review to determine whether a trial court erred in denying a party's motion to set aside a judgment pursuant to Tenn. R. Civ. P. 60.02. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010); *Pryor v. Rivergate Meadows Apartment Assocs. Ltd. P'ship*, 338 S.W.3d 882, 885 (Tenn. Ct. App. 2009). Our Supreme Court has addressed what it means for a trial court to exercise its discretion properly, stating:

---

[3] In its decision, the trial court noted that Kondaur first attempted to foreclose on the property at issue in May 2010, and Mr. Finley filed an action for wrongful disclosure that was removed to federal district court. According to the trial court, "the District Court determined that Finley was the proper 'mortgagor-in-possession' of the property, pending any other foreclosure proceedings."

Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted). When a discretionary decision is appealed, the reviewing court is not permitted to second-guess the trial court's judgment or substitute its discretion for that of the lower court. *Id.*

## ANALYSIS

Before addressing Mr. Finley's arguments, we note that he is a pro se litigant. This court has applied the following standards when evaluating the claims of pro se litigants:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). We allow pro se litigants some latitude in preparing their briefs and endeavor to "give effect to the substance, rather than the form or terminology," of their court filings. *Young*, 130 S.W.3d at 63.

I. Constitutional issue.

Although he lists a constitutional issue under his statement of the issues, Mr. Finley provides no argument or citation of authority in support of this issue in the argument section of his brief. Tennessee Rule of Appellate Procedure 27(a) provides that the appellant's brief must contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on." TENN.

R. App. P. 27(a)(7)(A). Moreover, Rule 6 of the Rules of the Tennessee Court of Appeals provides, in pertinent part, as follows:

> (a) Written argument in regard to each issue on appeal shall contain:
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

The argument section of Mr. Finley's appellate brief contains no reference to the due process issue raised in his statement of issues. As our Supreme Court has stated, "It is not the role of the courts . . . to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). We, therefore, consider this issue waived.

II. Rule 60.02 motion.

In the argument section of his brief, Mr. Finley asserts that he filed his original Rule 60.02 motion because the August 29, 2014 judgment "is wholly void due to a lack of Subject Matter Jurisdiction and Personal Jurisdiction and Fraud on the Court." Mr. Finley further avers that Kondaur never attempted to prove subject matter jurisdiction or personal jurisdiction. He goes on to state principles of law and to cite cases regarding subject matter jurisdiction and fraud upon the court. Mr. Finley does not, however, make any argument or provide any explanation as to how subject matter jurisdiction or personal jurisdiction is lacking in this case or how the elements of fraud are present. As stated

above, it is not the role of this court to craft arguments for a litigant.[4]  *See Sneed*, 301 S.W.3d at 615.

Moreover, the record does not contain a transcript of the hearings on August 22, 2014 (for the August 29, 2014 judgment) or March 4, 2016 (for the December 30, 2016 order denying the Rule 60.02 motion).  Our ability to address the issues is severely hampered, if not completely eliminated, by the absence of either a transcript of the hearings or Tenn. R. App. P. 24(c) statements of the evidence documenting the evidence introduced at the hearings.  Mr. Finley, as the appellant, had the duty "'to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal.'" *Boggs v. Rhea*, 459 S.W.3d 539, 546 (Tenn. Ct. App. 2014) (quoting *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)).  We cannot review the facts without an appellate record containing the facts. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

When a party fails to comply with Tenn. R. App. P. 27, this court has the authority to deem an issue(s) waived.  *Watt v. Watt*, No. M2014-02565-COA-R3-CV, 2016 WL 1730659, at *4 (Tenn. Ct. App. Apr. 27, 2016).  We exercise our discretion to do so with respect to Mr. Finley's Rule 60.02 issues.

III.  Mootness.

Kondaur argues that, because Mr. Finley was evicted from the property and Kondaur sold the property to a third party, this appeal is moot.  Because we have decided the issues on other grounds, we need not address this argument.

Because Mr. Finley has waived all of the issues he raised, we exercise our discretion to dismiss this appeal.  *See Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Keith T. Finley, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[4] We further note that, in his statement of the facts, Mr. Finley did not include a single citation to the record, in violation of Tenn. R. App. P. 27(a)(6).