IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2025

## ANNIE DOUGLAS v. GERALDINE LATIMER ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 21CV-120        Louis W. Oliver, Chancellor**

——————————————————

**No. M2024-01183-COA-R3-CV**

——————————————————

Thirty-one days after entry of the trial court's final order, Appellants filed a motion to alter or amend the judgment pursuant to Rules 59.02 and 59.04 of the Tennessee Rules of Civil Procedure. Appellants subsequently filed a motion for relief pursuant to Rule 60.02, requesting that the court consider their untimely Rule 59 Motion due to their attorney's excusable neglect or mistake. The basis for the alleged excusable neglect was Appellants' counsel's admitted calendaring error, which resulted in counsel filing the Rule 59 Motion one day late. Following a hearing on the matter, the trial court denied Appellants' Rule 60.02 Motion, determining that the circumstances did not constitute excusable neglect. Upon review of the parties' briefs and record on appeal, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Kristen Vanderkooi, Nashville, Tennessee, for the appellants, Phyliss Green, Geraldine Latimer, and Irma Wilson.

Robert L. Scruggs, Nashville, Tennessee, for the appellee, Annie Douglas.

**OPINION**

### I.    Facts and Procedural History

The facts relevant to this appeal are largely undisputed. Phyliss Green, Geraldine Latimer, and Irma Wilson ("Appellants") initiated the underlying case in 2021 by filing a complaint requesting that the trial court deem Appellants as the rightful owners of

approximately 48.65 acres of real property in Sumner County. Annie Douglas ("Appellee") filed a counterclaim asserting ownership of the same property by virtue of adverse possession. The case proceeded to trial on November 15, 2023, and the court took the matter under advisement. On May 6, 2024, the trial court entered an order holding that Appellee was the sole owner of the property.

On June 6, 2024, thirty-one days after entry of the court's final order, Appellants filed a Motion to Alter or Amend the findings of fact and judgment of the trial court pursuant to Rules 59.02 and 59.04 of the Tennessee Rules of Civil Procedure and Memorandum of Law in support thereof. Rule 59.04 requires post-judgment motions to be filed within thirty days after entry of a final order. Upon realizing that on June 14, 2024, Appellants filed a Motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure requesting the court "excuse and relieve [Appellants'] counsel's error on the basis of mistake or excusable neglect," and allow Appellants' Motion to Alter or Amend, which was filed one day late, to be considered timely filed. Along with their Rule 60.02 Motion, Appellants filed a Memorandum of Law in support and an affidavit of Appellants' counsel. In her affidavit, counsel stated that she reviewed the trial court's May 6, 2024 order and "calculated a thirty-day deadline to either file a Motion to Amend or a Notice of Appeal. I mistakenly placed this calendar entry on June 6, 2024, which is thirty-one days rather than thirty." Counsel further averred that she was unable to access the trial exhibits for numbering her brief until June 4, 2024, because "the Clerk and Master['s] office was in the process of moving." After filing the Motion to Amend on June 6, 2024, counsel stated that she was unaware that she "made an error in counting days" until "opposing counsel brought the late filing error to [her] attention" on June 7, 2024.

A hearing on Appellants' Rule 60.02 Motion was held on July 8, 2024. On July 24, 2024, the trial court entered an order denying the Motion, finding that the failure of Appellants' counsel to file the Rule 59 Motion to Alter or Amend "in a timely manner, due to oversight or negligence and without more, does not constitute excusable neglect" under Rule 60.02. Appellants timely appealed that order to this Court.

## II.  Issue Presented

The sole issue presented for review on appeal is whether the trial court erred in denying Appellants' Motion for relief pursuant to Rule 60.02 of the Tennessee Rules of Appellate Procedure.

## III.  Law and Analysis

Rule 60.02 of the Tennessee Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding" for certain reasons, including "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02(1). In this case, the trial court determined that the circumstances surrounding Appellants' late filing

of their Rule 59.04 Motion did not amount to excusable neglect. The trial court, therefore, denied Appellants' Rule 60.02 Motion.

The decision of whether to grant or deny a motion for relief from judgment pursuant to Rule 60.02 rests within the sound discretion of the trial court, and the scope of our review on appeal is limited to whether the trial court abused its discretion. *Pryor v. Rivergate Meadows Apartment Associates Ltd. P'ship.*, 338 S.W.3d 882, 885 (Tenn. Ct. App. 2009). "We will set aside the trial court's ruling only when the trial court 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Id.* (quoting *Henry v. Goins,* 104 S.W.3d 475, 479 (Tenn. 2003)). "This is not an opportunity for the appellate court to substitute its judgment for the judgment of the trial court." *Muffley v. George*, No. M2012-00097-COA-R3-CV, 2015 WL 6550735, at *1 (Tenn. Ct. App. Oct. 28, 2015) (citing *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001)). The decision of the trial court on a Rule 60.02 motion "will be upheld as long as reasonable minds can disagree as to the propriety of the decision." *Id.* (quoting *State v. Scott,* 33 S.W.3d 746, 752 (Tenn. 2000)).

Appellants argue that the trial court in this case abused its discretion in denying their Rule 60.02 Motion because the court applied an incorrect legal standard that has "prejudiced them by stripping them of their post-judgment rights." Specifically, Appellants assert that the trial court failed to properly analyze Appellants' motion in light of *Sizemore v. United Physicians Ins. Risk Retention Grp.*, 56 S.W.3d 557 (Tenn. Ct. App. 2001).[1]

In *Sizemore*, this Court set forth the following related to whether neglect, such as the neglect in this case, was excusable:

> The relevant circumstances envelop the big picture of both causes and effects, including (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith.

*Sizemore*, 56 S.W.3d at 567 (internal citations omitted). These factors must be weighed with and against each other. *Id.* In 2008, this Court reiterated the analysis in *Sizemore* and determined that excusable neglect did exist where a plaintiff's attorney missed a summary judgment deadline due to a calendaring mistake caused by a family medical emergency outside of the attorney's control. *Ferguson v. Brown*, 291 S.W.3d 381, 390 (Tenn. Ct. App. 2008) (noting that "[a]n attorney's "mere oversight or negligence, without more, does not automatically amount to excusable neglect").

---

[1] Both parties erroneously cite this Court's decision in *Sizemore* as a decision of the Tennessee Supreme Court.

Appellants assert that the trial court abused its discretion in failing to give due consideration to all four factors outlined above. Appellants further contend that the trial court relied only upon one portion of *Ferguson* to determine that counsel's actions did not amount to "excusable neglect." We disagree. As we perceive the ruling, the court determined that the third consideration outweighed all others. *See Sizemore*, 56 S.W.3d at 567 (holding that the circumstances surrounding the failure to comply with a filing deadline "must be weighed be weighed both with and against each other").

The third consideration is "the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control." *Id*. It is undisputed here that the late filing was entirely within the filer's control. Appellants have not offered any extraordinary reason that the filing in this case was late, and as Appellants' counsel has admitted, the delay was entirely within his control. This factor weighs against excusable neglect.

In sum, while certain circumstances may weigh in favor of a finding of excusable neglect, this Court reviews the trial court's denial under an abuse of discretion standard. As stated earlier in this Opinion, we will uphold the decision of the trial court so long as reasonable minds could disagree as to the propriety of a decision. We conclude that the trial court did not abuse its discretion in denying Appellants' Rule 60.02 Motion.

## IV. Conclusion

The judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellants, Phyliss Green, Geraldine Latimer, and Irma Wilson, for which execution may issue if necessary.

s/Valerie L. Smith
VALERIE L. SMITH, JUDGE