IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2021 Session

## KIA WINFREY v. BLUE CAR, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 19C1730   Kelvin D. Jones, Judge**

_____

### No. M2020-00829-COA-R3-CV

_____

After purchasing an automobile from the defendant, the plaintiff brought suit in the General Sessions Court for Davidson County, alleging fraud and deception. The defendant filed a counterclaim for breach of contract. The general sessions court dismissed both parties' claims and the plaintiff appealed to the circuit court. The case was dormant for nearly six months. Eventually, the plaintiff moved to set a trial date with the circuit court. In response, the defendant moved to dismiss the case under Rule 20(b) of the Davidson County Local Rules of Court. The circuit court granted the defendant's motion to dismiss and denied the plaintiff's subsequent motion to set aside. The plaintiff appealed. We reverse the trial court's denial of the plaintiff's motion to set aside and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

David Kozlowski and David J. Tarpley, Nashville, Tennessee, for the appellant, Kia Winfrey.

Paul J. Walwyn and David Harris, Madison, Tennessee, for the appellee, Blue Car, Inc.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

# I.    FACTS AND PROCEDURAL HISTORY

In January 2018, Kia Winfrey ("Plaintiff") purchased an automobile from Blue Car, Inc. ("Defendant") in Davidson County. Under the parties' sales agreement, Plaintiff agreed to financing terms that required her to make bi-weekly payments of $225.00 for the car.

Plaintiff asserts that after she purchased the vehicle, she learned that the car had several major issues. Plaintiff claims that prior to her purchase, the car was wrecked and rebuilt. Plaintiff also claims that the vehicle's mileage was unknown prior to her purchase but that Defendant wrongfully stated the mileage was 70,438. When Plaintiff learned of the car's prior history, she ceased making financing payments to Defendant. As a result, Defendant repossessed the car and sent a written notice to Plaintiff that stated it intended to dispose of the vehicle.

On November 30, 2018, Plaintiff filed a pro se complaint with the General Sessions Court for Davidson County. In this complaint, Plaintiff sought to recover for "fraud" and "deception during [her] purchase." In response, Defendant filed a counterclaim against Plaintiff, seeking damages for an alleged breach of contract. After filing her initial complaint, Plaintiff retained counsel and moved to file an amended complaint. Plaintiff was granted relief from the general sessions court and filed an amended complaint on July 12, 2019. In Plaintiff's amended complaint, she alleged several causes of action, including an odometer disclosure violation under 49 U.S.C. § 37210, a violation of Article 9 of the Uniform Commercial Code (as codified under Tennessee Code Annotated section 47-9-614), and non-compliance with the Tennessee Motor Vehicle Commission rules that govern the notice requirements for a wrecked and rebuilt vehicle.

On July 12, 2019, the case was tried before the general sessions court. At the conclusion of trial, the court dismissed both parties' claims.[2] Thereafter, Plaintiff filed a timely notice of appeal with the Circuit Court for Davidson County. Shortly after Plaintiff filed her notice of appeal with the circuit court, Plaintiff's counsel received a letter from the circuit court clerk. The clerk's letter stated that under Rule 20(b) of the Davidson County Local Rules of Court ("Local Rule 20(b)"), Plaintiff was required to set the case for trial with the circuit court within 45 days of the circuit court clerk receiving her notice of appeal. Plaintiff's counsel admits that he received this letter shortly after filing the notice of appeal and that he understood the Local Rules of Davidson County.

---

opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The appellate record does not include a transcript or final written order from the proceeding before general sessions court.

Despite the time requirements of Local Rule 20(b), neither party took any action on the case for *172 days after* the circuit court clerk received Plaintiff's notice of appeal. On January 10, 2020, Plaintiff finally moved to set the case for trial with the circuit court. In response, Defendant moved to dismiss for Plaintiff's failure to comply with Local Rule 20(b).

On February 25, 2020, the circuit court entered an order dismissing the case in favor of Defendant. On March 20, 2020, Plaintiff moved to set aside the circuit court order that dismissed the case pursuant to Tennessee Rule of Civil Procedure 59.04.[3] Plaintiff's motion was accompanied by an affidavit of Plaintiff's counsel and a copy of the general sessions amended complaint. The affidavit of Plaintiff's counsel detailed the history of the case and explained why Plaintiff's counsel failed to comply with the time requirements of Local Rule 20(b).[4] Defendant responded to Plaintiff's motion to set aside, relying on Local Rule 20(b), but it did not offer any countervailing evidence to show why the motion should be denied. On April 3, 2020, the court entered a second order dismissing the case which provided additional reasons for its decision, including Plaintiff's failure to comply with Local Rule 20(b). Although the subsequent order mentioned Local Rule 20(b), the order simply stated, "[P]laintiff failed to comply with the provisions of Local Rule 20(b) which directs that appeals from the General Sessions Court must be set for trial within forty-five days after the case is appealed."

On May 15, 2020, the circuit court entered a final order of dismissal.[5] In the final order, the court stated that Plaintiff's motion to set aside was denied and that the case was dismissed. The court again referenced Local Rule 20(b) and its 45-day requirement.

Plaintiff timely appealed to this Court.

## II. ISSUES PRESENTED

As we perceive it, Plaintiff raises a single issue on appeal:

1. Whether the trial court erred in denying Plaintiff's motion to set aside on the sole ground that her attorney did not comply with the scheduling requirements of Local Rule 20(b).

In response, Defendant asserts that it should be awarded attorney's fees incurred on appeal pursuant to Tennessee Code Annotated section 27-1-122.

---

[3] Plaintiff also filed the motion alternatively under Rule 60.02.

[4] At oral arguments on appeal, Plaintiff's counsel indicated that a brief was also filed in support of Plaintiff's motion to set aside. However, the brief was not included in the appellate record.

[5] The circuit court heard the motion to set aside via conference call due to social distancing requirements related to the COVID-19 pandemic. However, there is no transcript from this proceeding.

For the reasons stated herein, the circuit court's decision to deny Plaintiff's motion to set aside is reversed and remanded. We decline to award Defendant attorney's fees incurred on appeal.

## III. STANDARD OF REVIEW

A trial court's decision on a Rule 59.04 motion is reviewed under an abuse of discretion standard. *Kirk v. Kirk*, 447 S.W.3d 861, 870 (Tenn. Ct. App. 2013); *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003) (citing *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Runions v. Jackson-Madison Cty. Hosp. Dist.*, 549 S.W.3d 77, 84 (Tenn. 2018) (quoting *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012)).

## IV. DISCUSSION

### A. Local Rule 20(b)

At the outset, we again note that Plaintiff filed her motion to set aside under Tennessee Rule of Civil Procedure 59.04 and alternatively under Rule 60.02. Under either rule, a party may seek relief from a court's judgment due to "mistake, inadvertence, or excusable neglect." *See* Tenn. R. Civ. P. 60.02(1); *Pryor v. Rivergate Meadows Apartments Assocs. Ltd. P'ship*, 338 S.W.3d 882, 885 (Tenn. Ct. App. 2009). However, motions made pursuant to Rule 59.04 are appropriate when the judgment is not yet final, whereas motions made under Rule 60.02 seek relief from final judgments. *Thigpen v. First City Bank*, No. 27349, 1997 WL 351247, at *2 (Tenn. Ct. App. June 27, 1997); *see also Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008).

In this instance, Plaintiff filed her motion to set aside 24 days after the circuit court entered its initial order dismissing the case. Meaning, the circuit court's judgment was not yet final when Plaintiff filed her motion to set aside. *See* Tenn. R. App. P. 4(a) (stating an appeal as of right must be filed within 30 days after the entry of the trial court's judgment); *Thigpen*, 1997 WL 351247, at *3. Accordingly, we shall review Plaintiff's motion under Rule 59.04.

Turning to the substance of Plaintiff's Rule 59.04 motion, Plaintiff claims that the circuit court erred in dismissing her claims under Local Rule 20(b). Local Rule 20(b) states:

> Once the warrant being appealed is received by and filed with the Circuit
> Court Clerk, the appellant has the duty to set the appeal for a hearing before
> a trial judge. The appellant has forty[-]five (45) days to secure a trial date

from the [circuit] court. This time is counted from the date the Circuit Court Clerk files the appealed warrant. If the appellant fails to secure this order within the 45[-]day time period, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. At the time the appeal is perfected in the Clerk's office, the clerk shall give the appellant or the appellant's attorney written notice of this rule.

"[T]he purpose of Local Rule 20(b) is to assure that cases appealed from general sessions court to circuit court are tried with dispatch." *Metro Gov't of Nashville & Davidson Cty. v. Cuozzo*, No. M2007-01851-COA-R3-CV, 2008 WL 3914890, at *2 (Tenn. Ct. App. 2008) (citing *Crom-Clark Trust v. McDowell*, No. M2005-01097-COA-R3-CV, 2006 WL 2737828, at *2 (Tenn. Ct. App. Sept. 25, 2006)). Dismissal of a case under Local Rule 20(b) is analogous to a trial court granting default judgment or involuntary dismissals for failure to prosecute. *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (stating "[a] dismissal for failure to prosecute is analogous to a default judgment"); *Metro Gov't of Nashville & Davidson Cty.*, 2008 WL 3914890, at *5; *Crom-Clark Trust*, 2006 WL 2737828, at *2.

Default judgments, dismissals for failure to prosecute, and dismissals under Local Rule 20(b) are not favored by courts in Tennessee. *See Henry*, 104 S.W.3d at 481; *Metro v. Gov't of Nashville & Davidson Cty.*, 2008 WL 3914890, at*5; *Crom-Clark Trust*, 2006 WL 2737828, at *3. Dismissals under Local Rule 20(b) are "drastic remedies" and are reserved for "totally unresponsive parties." *Crom-Clark Trust*, 2006 WL 2737828, at *3 (quoting *Bowers v. Gutterguard of Tenn., Inc.*, No. M2002-02877-COA-R3-CV, 2003 WL 22994302, at *7 (Tenn. Ct. App. Dec. 17, 2003)). In deciding whether to grant such a "drastic remedy," "courts should construe the rules liberally and should set the default aside whenever there is a reasonable doubt about the justness of dismissing the case before it can be heard on its merits." *Metro Gov't of Nashville & Davidson Cty.*, 2008 WL 3914890, at *5. A trial court's decision to dismiss a case under Local Rule 20(b) is reviewed under an abuse of discretion standard. *Id.* at *2.

Courts should focus on three factors when determining whether to vacate an order of dismissal under Local Rule 20(b): (1) whether the party's default was willful; (2) whether the non-defaulting party will be prejudiced if the defaulting party is granted relief; and (3) whether the defaulting party has a meritorious claim or defense. *Id.* at *5; *see also Discover Bank v. Morgan*, 363 S.W.3d 479, 491 (Tenn. 2012) (stating the factors that should be considered when determining whether relief from a default judgment should be granted); *Henry*, 104 S.W.3d at 481 (stating the factors that should be considered when determining whether to vacate a default judgment under Rule 60.02(1)).[6]

---

[6] The Supreme Court in *Discover Bank* also stated that, when a party seeks relief from a default judgment under Rules 54.02, 59.04 or 60.02, the "threshold inquiry" for the court is to "determine whether

- 5 -

In the present case, the proof that was presented to the circuit court on Plaintiff's motion to set aside was limited.[7] In support of her motion, Plaintiff included a copy of her amended general sessions complaint and an affidavit of her counsel. The affidavit of Plaintiff's counsel sets forth facts that indicate: (1) Plaintiff's default was not willful and was only the result of her attorney's negligent delay; (2) Defendant will not be prejudiced if Plaintiff's motion to set aside is granted; and (3) Plaintiff may have a meritorious claim against Defendant. At oral arguments before this Court, Plaintiff stated that the applicable factors were argued to the circuit court in a brief that she filed with her motion to set aside.

Regardless, the proof presented by Plaintiff was uncontroverted by Defendant. In response to Plaintiff's motion to set aside, Defendant failed to offer any countervailing evidence to show why the motion should be denied. Without an affidavit of counsel or any other proof that may have been applicable, Defendant simply filed a one-page response that relied on Local Rule 20(b). As a result, the only evidence for the circuit court—and this Court on appeal—to consider was presented by Plaintiff. After considering this evidence in conjunction with the standard under Local Rule 20(b), we disagree with the circuit court's decision to deny Plaintiff's motion to set aside.

The circuit court's order that denied Plaintiff's motion to set aside stated that Plaintiff failed to comply with the time requirements of Local Rule 20(b). In reviewing the circuit court's decision, it appears that the court's primary consideration in denying the motion was the passage of time from Plaintiff's appeal to the circuit court and her motion to set a trial date. However, in the absence of countervailing evidence by Defendant, we rely solely on the evidence presented by Plaintiff.

Based on the affidavit of Plaintiff's counsel, we find that the evidence presented to the trial court shows that Plaintiff's delay was not willful, that Defendant will not be prejudiced if Plaintiff is granted relief, and that Plaintiff may have a meritorious claim. *See Metro Gov't of Nashville & Davidson Cty.*, 2008 WL 3914890, at *5 (stating the standard for reviewing an order of dismissal under Local Rule 20(b)). Accordingly, the trial court based its decision on a clearly erroneous assessment of the evidence when it denied Plaintiff's motion to set aside. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (stating the abuse of discretion standard of review). Therefore, we must reverse the circuit court's denial of Plaintiff's motion to set aside and remand the case with instructions for the court to set aside its orders dismissing the case and set the case for trial.

### B. Attorney's Fees

Defendant asks this Court to award it attorney's fees incurred in this appeal pursuant

---

the conduct precipitating the default was willful." *Discover Bank*, 363 S.W.3d at 493-94.
[7] There is no transcript from the telephonic hearing on this motion.

to Tennessee Code Annotated section 27-1-122, which allows an appellate court to award attorney's fees when an appeal is deemed frivolous. *See also Selitsch v. Selitsch*, 492 S.W.3d 677, 690 (Tenn. Ct. App. 2015) (stating "[a] frivolous appeal is one that is devoid of merit or has no reasonable chance of success"); *Indus. Dev. Bd. of City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)) (stating "[a] frivolous appeal is one that is 'devoid of merit'").

We cannot agree with Defendant's assertion that this appeal is frivolous. Accordingly, we decline to award Defendant attorney's fees incurred on appeal.

## V.    CONCLUSION

For the reasons stated herein, we reverse the circuit court's decision to deny Plaintiff's motion to set aside and remand for further proceedings consistent with this Opinion. We decline to award Defendant attorney's fees incurred in this appeal.

Costs of this appeal are taxed equally to the appellant, Kia Winfrey, and the appellee, Blue Car, Inc., for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE